## MARK WALTON *v.* GEORGE BEAUREGARD.

Plaintiff was holder of defendant's note for the purchase of a lot, subsequently sold by the latter to a third person, who bound himself to pay the note. Plaintiff did not intervene in the act of sale from the defendant, and expressly declare by signing it that he accepted the vendee as his debtor; but he always looked to him as such, received payments from him, sued in his own name on the agreement in the contract between him and the defendant, and after obtaining judgment, granted him delay on conditions more onerous to defendant than any he had agreed to: *Held,* that defendant was discharged.

There cannot be a more formal acceptance of a delegated debtor, than by suing him on his obligation.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

GARLAND, J. The defendant being sued on his promissory note, dated on the 2d May, 1834, payable five years after date, on which a balance of $1449 58, with interest, appears to be due, answered that he is not liable to pay it, because he says the note, with others, was given by respondent to the plaintiff, to secure the payment of a part of the price of certain lots of ground, situated in the city of Lafayette, which he had purchased of the plaintiff. That the defendant afterwards sold the same lots to Maurice Canon, who under-

took to pay the notes of defendant to plaintiff, and the one sued on among the rest. That Canon, having become unable to meet his engagements at maturity, the plaintiff, without the knowledge of the defendant, made an agreement with him to give him additional time to pay, on condition of his paying interest at ten per cent per annum on the amount; in consequence of which extension of time, the defendant alleges that he is absolved from all liability he ever was under to pay the note sued on.

The testimony shows that Walton sold the property to the defendant in May, 1834, for an amount payable in five years. In March, 1836, the defendant sold it to Canon for $33,000, who paid $14,000 in cash, and agreed to pay the plaintiff the notes he held, amounting to about $19,000. Canon made various payments on the notes. The last became due on the 5th of May, 1839; two days afterwards Walton sued him, and he confessed judgment for the balance due, with an understanding that no execution was to issue for twelve months, on the condition of his agreeing to pay interest at the rate of ten per cent per annum. On the 16th of July, 1839, Canon made a cession of his property, and on the 21st of March, 1840, the property was sold, leaving still due the balance claimed. It was proved that in 1836 or 1837, the property would have sold for more than $20,000, but there is no evidence of a decline of price from May, 1839, to March, 1840. It was further shown that the defendant left the state in 1836, and that he did not return until the latter part of 1839, or the commencement of 1840, and that he had no knowledge of any of these arrangements.

A judgment was rendered in favor of the plaintiff, from which the defendant has appealed.

We are of opinion that the district judge erred in giving this judgment. From the evidence in the case it is certain that Walton knew that by the act of sale from the defendant to Canon, a new debtor had been delegated, who had obliged himself to pay the debt now sued for. Soon after this contract was made, the defendant left the state, and was absent for three years; the plaintiff took no legal measures against him, but always looked to Canon, and treated with him as his debtor. From him he received large payments, and finally sued him, and recovered judgment in his own name on the promise and agreement to pay contained in the con-

tract between the defendant and Canon, stipulated new conditions for delay, and made the contract more onerous to Canon, than he had previously agreed that it should be. It is true, that in the act of sale from the defendant to Canon, the plaintiff did not intervene, and expressly declare, by signing the act, that he accepted Canon as his debtor ; but his subsequent conduct shows that he so consi. dered him, particularly when he instituted a suit to recover the debt of him. We know of no more formal acceptance of a delegated debtor, than commencing a suit against him to enforce the execution of the obligation he has undertaken towards the creditor. We think the case comes within the true intent of articles 2188, 2189 of the Code, and of the case in 9 La., 216.

If it were the intention of the plaintiff not to discharge the defendant from all liability, he should in treating with Canon, have so acted as not to have made him his debtor, nor to have made the contract more onerous on him.

The judgment of the District Court is therefore reversed ; and it is further ordered that a judgment be entered for the defendant, with costs in both courts.

*Wharton,* for the plaintiff.
*Durant,* for the appellant.