GEORGE JACKSON v. JOSEPH WILLIAMS and JOHN M. WILLIAMS.

The delegation by which a debtor gives to the creditor another debtor, who obliges himself toward such creditor, does not operate a novation, unless the creditor has expressly declared that he in-tends to discharge his debtor who has made the delegation. Code, 2188.

Suit brought by the creditor against the delegated debtor is not evidence of intention to discharge the original debtor.

*Walton* v. *Beauregard*, 1 Rob., 301, is of doubtful authority.

APPEAL from the District Court, Fifth District, Parish of Lafourche, *Cole*, J. *C. A. Johnson*, for plaintiff. *J. C. & A. Beatty*, for defendant and appellant.

BUCHANAN, J. The plaintiff furnished and put up for the defendants a sugar mill and steam engine, in the year 1845, for a price payable in several instalments, running from January, 1846, to January, 1848. This suit was brought in June, 1853, for a balance due of about two thousand dollars, with interest. The defendants plead that they had delegated one *Holcombe* to pay in their place the debt due plaintiff under their said contract; that *Holcombe* assumed and promised to pay for said engine, and the plaintiff agreed to accept him as his debtor in the stead and place of defendants; that *Holcombe* subsequently paid to plaintiff a large part of the price of said engine, and for the balance due on the same, the said *Holcombe* gave, and plaintiff accepted in payment, certain mortgage notes of *Alexander H. Tyson*, drawn in favor of *Holcombe*, and by him endorsed in blank. By means whereof, defendants plead, the debt has been novated, and defendants discharged from all liability to plaintiff.

All these allegations of the answer are proved, except that the plaintiff accepted *Holcombe* as his debtor in the place and stead of defendants, and received *Tyson's* notes, endorsed by *Holcombe*, in payment of the balance due him on defendants' contract. To prove these facts, the defendants have interrogated plaintiff, who answers that "*J. M. Williams* told him, in the spring of 1849, that it was agreed between the defendants and *Holcombe* that *Holcombe* was to pay plaintiff for the machinery. Plaintiff told *Williams* that he had never accepted *Holcombe* as paymaster; that he had never been asked to do so; that the contract was in the name of defendants, and plaintiff would hold them responsible for it."

To another interrogatory, plaintiff answers: "I received from *J. C. Holcombe*, as collateral security for my claim on the machinery, two notes drawn by *A. H. Tyson*, payable to *Holcombe*, and due in March, 1849, and March, 1850, bearing interest from date. The two notes amounted to six or seven hundred dollars above my claim. *J. C. Holcombe* proposed to give me those notes for my claim. I refused to take them. He then took them to New Orleans to get them discounted. Failing to do so, he then offered them to me as collateral security. I took them as such, and stated in my receipt that upon their being paid they would be good against my claim on the machinery. I also gave *J. C. Holcombe* my obligation for the difference, payable when the last note of *Tyson* was paid to me."

This evidence does not make out the novation alleged by defendants. The delegation by which a debtor gives to the creditor another debtor, who obliges

himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation.   C. C., 2188.

The case of *Walton* v. *Beauregard*, 1 Rob., 301, relied on by defendants, is of doubtful authority.   We do not regard the suing of the delegated debtor as an evidence of intention by the creditor to discharge the original debtor.   The words of the law are that the intention must be expressly declared.   At all events the two cases differ in some essential particulars.

Judgment affirmed, with costs.