THE UNION SAVINGS BANK & TRUST CO. ET AL. *v.*
ALTER ET AL.

*Probate court—Jurisdiction—Allowance of attorney fees—Action to contest will in common pleas court.*

A probate court is without jurisdiction to hear and determine an application for an allowance to applicants' counsel for services rendered in a prior action to contest a will, brought in the common pleas court of the county and carried through to the supreme court, to which prior action applicants were parties.

(Decided November 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. J. L. Kohl* and *Mr. W. S. Little,* for plaintiff in error.
*Mr. Rufus B. Smith,* for Franklin Alter.
*Mr. Willis M. Kemper,* for George T. Alter.
*Messrs. Pogue, Hoffheimer & Pogue,* for Robert S. Alter and Lucien W. S. Alter.
*Mr. James E. Robinson,* for Blanche Alter, Elizabeth T. Alter and Rebekah Alter.

HAMILTON, P. J. The question here is on error from a judgment of the court of common pleas making an allowance to counsel for Franklin Alter, Jr., and George T. Alter, for their services in an action to construe the will of Franklin Alter, deceased.

The case to construe the will was brought in the court of common pleas of Hamilton county, and carried through to the supreme court. After the determination of the cause in the supreme court, Franklin Alter and George T. Alter, by

their counsel, applied to the probate court of Hamilton county for an allowance of attorney fees for services in the case.

The trustees filed a motion to strike from the files of the probate court the application for such allowance, which motion the court overruled, and, upon the hearing made an allowance of fees. From that judgment of the probate court, the trustees filed their appeal in the court of common pleas of Hamilton county.

The trustees moved to strike from the files the application of Franklin Alter, Jr., and George T. Alter, to fix compensation of their counsel in the cause brought to construe the will of Franklin Alter, deceased, which motion was overruled by the court of common pleas, and upon the hearing of the cause the common pleas court determined the question in favor of the appellees, made an allowance of fees, and rendered judgment therefor.

A motion for a new trial was filed and overruled, and judgment entered, and from that judgment, plaintiffs in error prosecute error proceedings to this court.

The errors complained of are error on the part of the probate court in overruling the motion to strike the application from the files for want of jurisdiction to hear and determine same, error on the part of the court of common pleas in overruling the motion to strike and in adjudging the probate court to have jurisdiction, and error in this, that the judgment is contrary to law.

It is clear that if the probate court had no jurisdiction to hear and determine the application the court of common pleas erred in entertaining the appeal. Any allowance of fees must necessarily

be based on the services rendered in the suit to construe the will. There was no suit brought in that regard in the probate court.

Defendants in error base their claim that the probate court had jurisdiction to entertain the application and make the allowance on the provisions of Section 8, Article IV of the Constitution, and of Section 10492, General Code, and claim that the allowance made by the probate court was merely an exercise of jurisdiction in a "testamentary matter." They also rely on the provision of the code that the probate court shall have exclusive jurisdiction "to direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates."

It is clear that the probate court had no jurisdiction to entertain an action to construe the will. The action properly originated in the court of common pleas. The probate court had no jurisdiction of the subject-matter or of the parties to the suit in which the services are claimed to have been rendered. We understand the law to be that the allowance of fees for services rendered an executor or administrator by an attorney employed by him is within the jurisdiction of the probate court in anticipation of the executor's account. Such attorney fee is a personal obligation of the executor or administrator until so allowed by the court. *Trumpler, Admr.,* v. *Royer,* 95 Ohio St., 194, and *McMahon, Admr.,* v. *Ambach,* 79 Ohio St., 103.

In the case of *Thomas, Admx.,* v. *Moore,* 52 Ohio St., 200, it was held:

"Executors and administrators are personally

liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate, and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts.''

The trustees did not engage or employ the attorneys for the defendants in error, for whose benefit the allowance was made. On the other hand, the trustees retained their own counsel, who represented them in the case for the construction of the will.

The law is that in a proper case the court which tried a suit to construe a will may allow counsel for any of the parties, even if unsuccessful, if his services have benefited the trust estate, compensation for his services, taxed as a part of the costs in the suit. *Neff* v. *Neff*, 2 Disney, 468.

The allowance for attorney fees under the law would necessarily have to be taxed as a part of the costs in the suit. We are, therefore, unable to see how the probate court could have jurisdiction to tax costs in a case in the court of common pleas.

An examination of the record discloses that an important question of law was determined in the action to construe the will. The court in which the action was tried was authorized, in its discretion, to make an allowance of attorney fees, as part of the costs.

It appears that Franklin Alter, Jr., and George T. Alter requested, in writing, the executors and trustees of Franklin Alter, deceased, to bring an action to construe the will of Franklin Alter, and to ask the direction and judgment of a court of

competent jurisdiction regarding the trust estate and property to be administered and the rights of the parties in interest of the estate of Franklin Alter, deceased, and that such executors and trustees failed and refused within thirty days to bring such action. Thereupon, Franklin Alter, Jr., and George T. Alter, through their counsel, brought such action in the court of common pleas of Hamilton county, it being cause No. 168925 in that court, as a result of which the court construed the will, made the directions, and entered judgment in conformity with such construction.

As heretofore stated the court hearing the case might properly make an allowance for compensation for services of the attorneys and tax the same as part of the costs in the suit.

The probate court was without jurisdiction in the premises, and the judgments of the court of common pleas and probate court will be reversed, and the proceedings dismissed.

*Judgments reversed.*

CUSHING and BUCHWALTER, JJ., concur.