No. ――――――

First Circuit Appeal.

ARMOUR AND COMPANY, LTD., v. WISE AND McCALPIN ET AL.

(December 30, 1924, Opinion and Decree.)
(May 5, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Prescription—Par. 109. 110.**
A demand for the value of goods sold in bulk in violation of Sec. 4 of Act 114 of 1912 or for the loss the creditor has suffered or would suffer is one in damages and is an offense or quasi offense and prescribed by one year under Civil Code, Art. 3536.

Appeal from the Parish of Vernon. Hon. Hal A. Burgess, Judge.

This is a suit to recover damages. A plea of prescription was filed and overruled.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and plea of prescription maintained.

Ped C. Kay, of De Ridder, attorney for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

ELLIOTT, J., dissents.

MOUTON, J. Pewell Brothers were in November, 1920, the owners of a stock of merchandise, groceries, furniture, etc., located in the Town of Leesville, Vernon Parish. They sold this stock of goods, out of the usual course of business, and in bulk, to the defendants, Wise and McCalpin.

During their ownership of the store in Leesville, Powell Brothers, in October and November, 1920, executed two promissory notes in favor of plaintiff, Armour and Company. One for $750.00 and the other for $444.27, aggregating the sum of $1194.27.

Plaintiff alleges that the sale by Power Brothers to defendants was made in violation of the requirements of the provisions of Section 4 of Act 114 of 1912 and prays for judgment to have defendants account for the goods or merchandise transferred to them under the sale; and in default of a surrender thereof, they ask for a judgment against defendants in the amount of the promissory notes for which they asked for a decree against Power Brothers.

Plaintiff recovered judgment against defendants as prayed for.

The record shows that defendant acquired the goods, in bulk, without complying with the requirements of Section 4 of said Act.

In the lower court defendants filed a plea of prescription of one year as a bar to plaintiff's action; and, in this court they file the additional plea of forty-five days' prescription under the provisions of Section 4 of the Act.

Section 6 of the Act provides that upon the application of any of the creditors of the vendor, the purchaser becomes a receiver, and is to be held accountable to the creditors for all the goods and merchandise which come into his possession by virtue of the sale. These provisions of the statute authorize the conclusion, that unless the formalities required by Section 4 of the Act are complied with by the purchaser, that only the possession of the goods is transferred to him, and not the ownership. In such a case, he holds the property as receiver and becomes accountable therefor to the creditors of the vendor.

It is clear in the instant case, that the defendants were not by special obligation, contract or quasi-contract, bound to the plaintiff for the payment of the notes sued upon. Power Brothers, the vendors, were the parties bound on these notes, and certainly not defendants who were free from any obligation towards the plaintiff prior to the sale to them. The proof shows they paid full value for the goods, and if they had observed the requirements of Sec. 4,

in effecting the purchase, it would have been legal, and they would have acquired a valid title. The statute in question, however, in Sec. 4, imposes a general duty on all persons to observe the formalities therein pointed out, and for failure to comply therewith, strikes with nullity, all purchases of goods or wares, in bulk. In drawing the distinction between quasi-contracts, offences and quasi-offences, the Court in City of New Orleans vs. The Southern Bank, 31 La. Ann. 560, said: "The act which gives rise to a quasi-contract is a lawful act and therefore is permitted; while the act which gives rise to an offense or quasi-offense is unlawful, and therefore is forbidden." The court said also, that a quasi-offense was the violation of a general duty, and not a special obligation. The act of purchase here was in violation of the provisions of the statute and of a general duty, was unlawful, and constituted a quasi-offense. The sale may not have been entered into wickedly and with intent to injure, in which case it would have been an offense, but, it was, nevertheless, a quasi-offense, though it proceeded "only from error, neglect or imprudence".

Albert Edwards vs. Turner, 6 R. 382. It is true section 6 of the Act says, upon complaint of the creditors of the vendor, the purchaser becomes a receiver, but the words which immediately follow, say: that he shall be held accountable to the creditors. In such a case as this, it would be impossible to hold that the accountability of the purchaser could arise from any contract, quasi-contract or special obligation towards the creditors. His "accountability" as receiver must therefore spring, not from his purchase though not made through a fraudulent design, but from his failure to observe the requirements of section 4, as before stated. This "accountability" is therefore entitled upon the would-be purchaser as the result of an unlawful act, or quasi-offense. The Legislature in using the word "receiver" we do not think, intended to convey the idea that the purchaser would be considered a receiver for the benefit of the creditors of the vendor, with the rights and responsibilities flowing from a regular receivership, and involving the questions of prescription which would arise thereunder. In saying that the purchaser shall be held accountable to the creditors, obviously, this accountability means for the goods if in possession of the purchaser, or for their value in case of their destruction, loss or disappearance, up to the amount of the claim of the complaining creditor. This is what we understand to be the relief sought under the demand of the plaintiff. Such a demand is necessarily for the value of the things or for the loss the creditor has suffered or would suffer and is one in damages.

The proof shows that this suit was filed more than one year, in fact, about two years after the sale was passed, and plaintiff had been informed thereof. Suits in damages for offences and quasi-offences are prescribed in one year, C. C. 3536. This action is therefore prescribed under this article of the Code, which makes it unnecessary for us to pass on the other plea of prescription filed in this court.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed; that the plea of prescription of one year be and is hereby maintained; and that the demand of the plaintiff be rejected at its cost in both courts.

---

### DISSENTING OPINION BY
### ELLIOTT, J.

I dissent from the opinion and judgment of the majority of the court that the prescription of one year is applicable to the action of a creditor against a purchaser of goods, wares and merchandise in bulk

without compliance with the requirements of Section 4 of Act 114 of 1912.

I think the language contained in Section 6 of the Act—"became a receiver and be held accountable to such creditors for all the goods"—exclude that idea. A receiver accountable to such creditors cannot plead the prescription provided by the law C. C. Act 3536 against actions resulting from offenses and quasi-offenses against an accounting under the law as it now stands because his standing toward his creditors is that of a fiduciary and he should seek a release by an accounting to his creditors.