No. 780

First Circuit

BARON v. GUIDRY

(May 5, 1931.  Opinion and Decree.)
(June 16, 1931.  Rehearing Refused.)

Fred G. Benton, of Baton Rouge, attorney for plaintiff, appellant.

Roland C. Kizer, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. Plaintiff advanced clothes, merchandise, and small sums of money to defendant in 1925 and 1926 while a minor and a student at the Louisiana State University. He brings this suit against defendant for the sum of $110.

On June 1, 1926, during the minority of defendant, F. L. Guidry, his father and resident of Vermilion · parish, executed a promissory note in favor of plaintiff for the account sued upon against defendant, now emancipated by marriage contracted in January, 1927.

It is also shown by the record that plaintiff obtained a judgment on this note against F. L. Guidry in the district court of Vermilion which had been given for the advances made to defendant herein.

Civil Code, article 227, says that by the very act of marriage fathers and mothers contract together the obligation of supporting, maintaining, and educating their children. Obviously, as it is admitted in the· brief of counsel for plaintiff, the debt contracted which was for the support, maintenance, and education of defendant was a personal obligation of F. L. Guidry, his father. Not only was it his personal debt when the obligation was incurred during the minority of his son, the defendant, but, by the execution of the promissory note for it by the father, he acknowledged it as being his individual obligation, and as such was it construed by plaintiff, who brought his suit in Vermilion against F. L. Guidry in March, 1927, after his son had been liberated from the legal handicaps of minority by the effects of his marriage.

Verbal proof, showing that defendant had made a payment of $10 on the account, and had promised to pay the balance, was received in evidence without any objection having been made to its admissibility.

Act No. 208 of 1858 prohibits the introduction of parol evidence to prove a promise to pay the debt of another.

In the case of George Merz v. Labuzan & Carter, 23 La. Ann. 747, the court said the reception of such evidence for that purpose was in contravention of a prohibitory law, was therefore null, and could not be considered, although admitted by the court without objection.

In Levy & Dieter, in Liquidation, v. Du Bois & Foley, 24 La. Ann. 398, the court held that such evidence received without objection would be disregarded on appeal.

C. C. article 2278, under which the foregoing ruling is based, was amended by Act No. 121 of 1886, p. 219, but the amendment of that article contains the same provisions prohibiting the admission of parol evidence to prove the promise to pay the debt of a third person as is found in the Act of 1858 on which the decisions above cited grounded the rule therein announced.

In the more recent case of Guillot v. Guillot, 141 La. 81, 74 So. 702, the court said that a verbal promise to pay the debt of a third person can have no legal effect.

Applying the doctrine so well recognized in the decisions above referred to, we must conclude that the verbal proof, which was admitted to show that defendant had promised to pay the personal debt of his father, was illegally admitted, can have no legal effect, and cannot be considered by this court on appeal.

Reference is made to article 1785, Civil Code. A contract or quasi contract by a minor is declared valid under the provisions of that article when the minor has no tutor or one who neglects to provide him with the necessaries for his support or education. That article has no application here, as the parents of the minor were living and the father, by making his note in recognition of his individual liability, can certainly not be represented as having refused to supply his minor child with these necessaries of life.

Counsel for plaintiff says novation was not pleaded, and that none existed. In this we fully agree with him. The only novation that could have taken place under the facts would have been by the substitution of defendant as a new debtor for his father, the old one. C. C. art. 2189.

The record is, however, barren of any such agreement, and besides there is no evidence to show that the father, the debtor, was ever discharged expressly from his obligation, an essential requisite in such cases to effect a novation. C. C. art. 2192.

Counsel for plaintiff says that defendant is personally liable, because since his eman-cipation, by promising to pay the debt, he has ratified it.

C. C. art. 1785, says that a contract made by an incapacitated minor may be rendered valid by his ratification, either express or implied.

In this case the evidence shows that the defendant, a minor at that time, bought the goods which were necessary for his support and maintenance. C. C. art. 227, says that by the very act of marrying, the father and mother contract together the obligation of supporting and maintaining their children. The obligation to pay for these goods devolved upon the father of defendant, as the result of a contract flowing from his marriage under the provisions of article 227, C. C.

As a matter of fact it was so accepted by plaintiff when he took the promissory note of the father, and by subsequently obtaining a judgment thereon, as hereinabove stated. It is therefore plain that the contract or debt for the price of these advances was not that of the defendant. It was that of his father. If it had been defendant's contract, his promise to pay the debt after his emancipation would have constituted a ratification, whether express or implied. The promise to pay made by defendant was not in reference to his debt or contract, and was not therefore a ratification. It was simply a promise to pay the personal debt of his father, a third party, and which for the reasons heretofore stated had no legal effect and cannot be considered on this appeal.

The demand of the plaintiff was rejected, and we find, correctly.