Nos. 786-787

First Circuit

AVOYELLES WHOLESALE GROCERY
CO. v. VILLE PLATTE SAWMILL
CO., INC., ET AL.,

and

JOHNSON v. VILLE PLATTE LUMBER
CO., LTD.

(June 16, 1931.  Opinion and Decree.)

O. E. Guillory and E. H. Guillory, of Ville Platte, attorneys for plaintiffs, appellees.

J. H. Dore, of Ville Platte, attorney for defendants, appellants.

MOUTON, J.   The defendant in these two cases, consolidated for trial, appears under different titles, but is the same defendant in which were rendered separate judgments against the defendant corporation and the other co-defendants from which defendants appeal.

In the case of Avoyelles Wholesale Grocery Company the demand is for $249.73, for oats and hay alleged to have been sold to defendant corporation domiciled in Ville Platte, La.

It is alleged by plaintiff, in the Avoyelles Grocery case, that the goods were sold to the corporation on the written orders of

P. M. Reed, its treasurer, and that at the time this debt was incurred, the defendant corporation had not filed for record in the office of the recorder of mortgages, its articles of incorporation or a multiple original thereof, as required by section 9 of Act 250 of 1928, page 409.

The suit is brought, jointly and severally, against the corporation, its president, Armand Coreille, J. E. Ortego, secretary P. M. Reed, treasurer, J. Gilbert Soileau, manager, all residents of Ville Platte, and Joseph Albert Hebert, vice-president, of Opelousas, residing outside the parish of Evangeline where the suit was brought.

The record shows that the charter of defendant corporation had not been filed for registry when the goods were sold by the Avoyelles Grocery Company. Plaintiff therefore avers that defendant corporation having begun the transaction of business prior to the recordation of its articles of incorporation, and as none of the officers and directors above named dissented therefrom, they are responsible jointly and severally with the corporation for the debt thus incurred. Section 9 of said Act so provides.

In the Avoyelles Grocery Company's petition, it is alleged that the goods were sold on the written orders of P. M. Reed, treasurer, as above stated. Objection was made by counsel for defendant to verbal testimony offered to establish the claim. The proof of such a claim was not essentially dependent on written evidence, and the objection was rather technical. It was, however, shown that several items had been sold on the written orders of Reed. Counsel for defendant contends that they were signed by Reed, individually, and not in his capacity of treasurer. Several of these orders were to be charged to the mill, and no doubt were bought for defendant corporation.

In reference to the foregoing contentions of counsel, it is appropriate to refer to the answer of defendant corporation which, we think, clarifies the situation. In the answer defendant alleges that the "said plaintiff contracted with the defendant, Ville Platte Sawmill Company, or Ville Platte Lumber Company, Inc., as a going concern, acknowledging the said company as a Louisiana corporation, etc." On this allegation defendant based its plea of estoppel claiming that it could not contest the legality of the corporation—a plea not now urged.

If plaintiff contracted with defendant corporation, as defendants allege, it was for the sale of the oats and hay for the payment of which the suit was brought. This transaction created a debt on the part of the corporation, and unquestionably prior to the registry of its charter. The contract for the sale of the goods to which defendants refer in their answer makes no allusion to written orders or verbal agreements, and had the effect of opening the door to testimonial proof to show that the sale of the goods was made to defendant corporation.

In the record in the case of Johnson against defendant corporation, consolidated for trial with the Avoyelles Company suit, it is shown that P. M. Reed gave a check to Johnson for logs bought for the defendant corporation, and which is signed by Reed as treasurer for the Ville Platte Lumber Company. If plaintiff contracted with defendant corporation, as it is alleged in the answer, it was undoubtedly through Reed, its treasurer. Such being

the situation, it will not do to say that Reed signed the orders or incurred the debt individually, as contended for by defendant's counsel.

In the case of Johnson against defendants, the question of written orders does not arise as the sale of the logs was made verbally. Soileau, a member of the board of directors, selected the logs which were sold by Johnson to the company, for which Reed, as treasurer, was to give a check. The logs were delivered to the mill and so were the goods by the Avoyelles Company. The fact is that there is no contention that they were not. Defendant is legally bound to both plaintiffs for the goods bought.

Reed, who was sued as a co-defendant, died before the judgment was rendered below. The court in both cases said that while the trial of the two suits was still open it had been suggested to it that Reed had died December 20, 1930. The court therefore rendered judgment in the two cases against the corporation and all the defendants, except Reed, the court reserving the rights of the plaintiffs against the latter's estate.

Counsel for defendant says that judgment not having been rendered against Reed is equivalent to an abandonment of the suit against the widow of Reed and his heirs who should have been made parties co-defendants.

The reservation by the court of the rights of plaintiffs against the estate of Reed would be sufficient if such a reservation were required. This was, however, unnecessary to accomplish that purpose, as plaintiffs could have brought suit against any of the debtors bound in solido without losing their rights to sue the others. C. C. arts. 2094, 2095.

Another contention is that Joseph Albert Hebert is a resident of St. Landry parish, and is not domiciled in Ville Platte, Evangeline parish, where the other co-defendants reside, and consequently he could not be sued there.

Section 9 of Act 250 of 1928, when the directors or officers of a corporation incur debt before its charter is filed for record, provides for their liability, jointly and severally, with the corporation.

If their liability is joint, they can be sued at the domicile of any of the obligors under article 165, C. P. If liable in solido, the same rule applies under Act 71 of 1914, amending article 165, C. P. Here, the obligation contracted by defendant corporation was for the purchase of oats, hay, and logs. Obviously, the obligation sprung from a conventional agreement, it was certainly not the result of a tort, and the defendant Joseph A. Hebert could be sued at the domicile of his co-defendants where the suit was brought. King v. Wm. J. Burns International Detective Agency, 151 La. 211, 91 So. 681.

We find no merits in this contention nor on those urged against recovery on the merits.

The demand in damages asked by appellee for a frivolous appeal is denied.