### CYPRESS TANK CO. v. REESE.

### No. 5191.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Irwin & Cowles, of Shreveport, for appellant.

Cook, Cook & Egan, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover the sum of $1,075, alleged to be due it by defendant. It alleged that V. B. Stone sold to and erected five steel secondhand tanks for defendant at an agreed price of $1,075; that said tanks were sold on 30 days' time, and the account was due on November 15, 1932. It further alleged that said account had been duly assigned to it by the said V. B. Stone, and that it is now the owner of said account, with full authority to collect it. It prayed for judgment accordingly.

Defendant in answer denied the allegations of plaintiff's petition, and, further answering, set up the following defense:

"6. That at the time the tanks referred to in plaintiff's petition were purchased from V. B. Stone, defendant was planning the organization of a corporation to engage in the business of refining crude oil, and said tanks were purchased on the understanding between defendant and the said V. B. Stone that same were purchased for said corporation, and that the purchase price therefor would be the obligation of said corporation, and not of this defendant, promptly upon its organization; that upon the organization of said corporation, which was actually organized in December, 1932, as proposed, the above mentioned understanding between defendant and said V. B. Stone was confirmed, and said corporation was accepted by the said V. B. Stone as his debtor for the purchase price of said tanks, and this defendant was discharged from further responsibility in that connection; that the said V. B. Stone, in conjunction with T. T. Word Supply Company, Nathan Pipe & Supply Company, Roy Simpson and E. L. Norman, instituted involuntary bankruptcy proceedings against Reese Refining Company, a Texas corporation, being the corporation hereinbefore referred to, and in said involuntary petition in bankruptcy, the said V. B. Stone alleged that said corporation was indebted unto him on the identical account herein sued upon, which allegation was true, and consequently the said V. B. Stone, and his assigns, are judicially estopped to now claim that said indebtedness is the indebtedness of this defendant, and this defendant pleads such judicial estoppel against the plaintiff herein; that the involuntary bankruptcy proceedings above referred to were instituted in the United States District Court for the Eastern District of Texas, Tyler Division, on or about the 25th day of April, 1933, being No. 3100,

in Bankruptcy, entitled, 'In the matter of Reese Refining Company, alleged Bankrupt', of the docket of said court, and pursuant to said petition said corporation was duly adjudged bankrupt."

On these issues the case was tried, and there was judgment for plaintiff as prayed for. Defendant has prosecuted this appeal.

The preponderance of the testimony is that R. C. Davis, an agent of defendant, purchased the tanks for the account of defendant, and that at the time there was nothing said regarding the organization of a corporation. The tanks were sold to defendant and the invoice made out to him. The sale was made in the early part of October, and on December 12th following, the Reese Refining Company, of Arp, Tex., was incorporated. It is claimed by defendant that the corporation assumed the indebtedness. If it did, there is nothing in the record to show or indicate that plaintiff ever agreed to accept the corporation as its debtor and release defendant. If the corporation assumed defendant's indebtedness, it was a matter entirely between the corporation and defendant, and plaintiff was not a party to it.

On April 25, 1933, about four and a half months after the organization of the corporation, V. B. Stone, plaintiff's assignor, and four other creditors, filed a petition as creditors of the corporation and forced it into involuntary bankruptcy; the said Stone alleging he was a creditor of the corporation for the price of the tanks on which this suit is based. In the bankruptcy proceedings, plaintiff filed a claim for the price of the tanks in which it set forth that it had no other security except the personal liability of J. T. Reese, defendant herein, and associates. No part of the claim was paid out of the bankruptcy proceedings. Because of these acts of Stone, who was a partner of plaintiff, and plaintiff's action in filing its claim against the corporation, defendant contends that plaintiff is estopped to now try to collect from him.

Defendant contends that the corporation assumed his indebtedness to plaintiff. If so, plaintiff could pursue the corporation, and, if not successful, then it could pursue defendant who was primarily liable and who had never been released from his obligation by plaintiff. The fact that it pursued the corporation first cannot and does not estop it from now pursuing defendant, who was liable for the debt.

We find no error in the judgment of the lower court, and it is affirmed, with costs.