McCASKEY REGISTER CO. v. LUMPKIN et al.

No. 2113.

Court of Appeal of Louisiana. First Circuit.

May 8, 1940.

Benj. W. Miller, of Bogalusa, and Ott & Johnson, of Franklinton, for appellant.

Talley & Richardson, of Bogalusa, for appellee.

DORE, Judge.

Plaintiff sues W. B. Lumpkin for the balance due on a certain cash register, sold by it to said defendant, in the sum of $94.27, with legal interest from judicial demand, plus fifteen per cent of the principal and interest due as attorney's fees. In the suit, plaintiff makes Mrs. R. C. Breland a party defendant, alleging that she purchased Lumpkin's store buildings with all fixtures therein without complying with the provisions of Act No. 270 of 1926, the Bulk Sales Law of the State, and that therefore the said Mrs. Breland is liable, as Receiver, up to the value of the property bought in bulk, to plaintiff and all other persons who were creditors of defendant Lumpkin at the time of the transfer of the said property. Plaintiff alleges, on information and belief, that at the time of the transfer the defendant owed five other creditors the total sum of $1,027.53. The defendant Lumpkin did not answer the suit, and testified that he owed the amount sued for, less $10.39 remitted by plaintiff during the trial.

Mrs. Breland, the other defendant, filed a plea of prescription, which was overruled. Without waiving any rights under such plea, she thereupon filed answer in which she admitted the transfer of property, as claimed, but set forth that she complied with the provisions of the Bulk Sales Law; that the plaintiff has deliberately pursued this suit against her knowing her to be an innocent purchaser, and by so doing has caused her the expense of employing an attorney to defend her, and to lose time from her business, to her damage in the sum of $350, for which she makes

demand in reconvention. In the alternative, she avers that the defendant Lumpkin is indebted to her for rent of the store buildings, which buildings were leased to him after her purchase thereof, and that her claim for rent should be recognized by preference and priority over all other claims against the said Lumpkin.

The lower court rendered judgment as follows:

(1) In favor of plaintiff and against defendant Lumpkin for the sum of $94.27, less $10.39 remitted by plaintiff, plus legal interest, attorney's fees and costs.

(2) In favor of plaintiff and any and all other unpaid creditors of Lumpkin as of the date of the sale in bulk, and against Mrs. Breland, as Receiver, for the amount of said claims not to exceed the sum of $1,000, the value of the property acquired in bulk by Mrs. Breland.

(3) Dismissing defendant Breland's reconventional demand for damages, and rejecting her alternative prayer with reference to rent due her.

The defendant Breland has appealed, confining her appeal to that part of the judgment holding her as receiver, as set forth in (2) above. The parts of the judgment covered by (1) and (3) above are not attacked and consequently are not before us on this appeal.

There are two main questions presented for our consideration: (1) Was defendant's plea of prescription well founded? (2) If not, did defendant comply with the provisions of the Bulk Sales Law?

With reference to the first question, it is shown that the sale from Lumpkin to Mrs. Breland was consummated on or about February 16, 1938, and that the instant suit was filed on February 2, 1939, less than one year after the transfer of the property from Lumpkin to Mrs. Breland, but, of course, more than ninety days after such transfer. It is the contention of defendant that under the statute the action was prescribed after ninety days. The statute, Act No. 270 of 1926, provides that when property is transferred in bulk as was done in this case, without compliance with the specific provisions of the Act, the transferee "shall at the suit of any creditor, be held liable to all the creditors of the transferor as receiver for the fair value of all the property so transferred to him." The Act provides further "that no proceeding at law or in equity shall be brought against the *transferor* to invalidate any such transfer after the expiration of ninety days from the consummation thereof." (Our italics.)

■ While it is clear from the latter provision that no action can be brought under the Act against the transferor after ninety days, the Act does not establish any prescriptive period with reference to the transferee. The failure of the Legislature to set forth a prescriptive period in so far as the transferee is concerned is probably due to the fact that the transferee is able to protect himself fully by merely complying with the specific provisions of the Act when making a purchase in bulk. Be that as it may, it is our opinion, since the act does not set forth a prescriptive period with reference to the transferee, that the action as to the transferee is based on an offense or quasi-offense and prescribed in one year, as was held in the cases of Armour & Co. v. Wise & McAlpin, et al., 1 La.App. 202, and Rosenberg & Sons, Inc. v. Waguespack, 167 La. 451, 119 So. 423.

We are therefore of the opinion that the plea of prescription was properly overruled by the lower court, since the suit herein was filed within one year from the date of the transfer of property from defendant Lumpkin to defendant Breland.

■ With reference to the second question, as to whether or not Mrs. Breland and Lumpkin complied with the Bulk Sales Law, we feel that the evidence is so clear that they did not comply with the provisions of the Act as to require little comment. There was no inventory made of the fixtures; no complete list of creditors with their addresses and amounts due them; no affidavit of the transferor to such list as was made; no notice to all the creditors of the proposed sale; and the parties did not wait ten days to complete the sale; all as required by Section 2 of the Act.

For the reasons set forth, we are of the opinion that the judgment below is correct, and it is therefore affirmed.