98 So.2d 295 (1957)
Charles A. BONACORSO, Plaintiff-Appellant,
v.
William H. TURNLEY, Defendant-Appellee.
No. 4505.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
*296 D'Amico & Curet, Baton Rouge, for appellant.
Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
TATE, Judge.
This is an action by a real estate broker for his commission against both the owner, Turnley, of certain property listed with him and also against the person procured by the broker to lease-purchase the property, a Mrs. Stewart. Judgment was rendered by default against the latter defendant and she has not appealed. Only the judgment of the district court sustaining the owner's exception of no cause of action is before this court.
According to the petition, plaintiff-appellant Bonacorso secured from defendant Mrs. Stewart a written offer to lease-purchase certain property from defendant-appellee Turnley and then secured from the owner Turnley a written acceptance of Mrs. Stewart's offer. This "agreement to purchase" provided for the payment of a commission of $800 to plaintiff upon the owner's acceptance of the offer to leasepurchase.
Specifically, the form containing Mrs. Stewart's offer to lease-purchase provided:
"6. A deposit of Eight Hundred & no/100 Dollars ($800.00) has been paid *297 by me [Mrs. Stewart] to Charles A. Bonacorso, Real Estate Broker, Agent, and this shall be applied as part of the purchase price named above. This deposit is to be noninterest bearing, and is not to be considered as earnest money, the parties hereto reserving the right to demand specific performance. In event the title is not valid and cannot be in a reasonable time and at a reasonable expense be made valid, this contract shall be null and void and the deposit shall be returned. The commission of Charles A. Bonacorso is earned upon acceptance of the offer and does not depend upon the passing of sale, which commission is fixed at $800 to be retained by the said Charles A. Bonacorso, out of the down payment or deposit."
The form containing Turnley's acceptance of the offer provided:
"I [W. H. Turnley] accept the offer as signed above and agree to pay to Charles A. Bonacorso, Real Estate Broker, Agent, the commission of Eight Hundred & No/100 Dollars ($800.00) which has been included as part of the purchase price as stated above, and he is authorized to retain said amount from the deposit on down payment by the purchaser."
This litigation results from the circumstance that the sum of $800 deposited with plaintiff was in the form of a check, and according to the petitionthis check proved worthless.
The District Court, in sustaining Turnley's exception of no cause of action, apparently accepted defendant Turnley's argument that these quoted provisions could be construed as constituting an affirmative declaration by Turnley that the sum of $800 in cash had been deposited with plaintiff, in reliance upon which declaration and subject to which representation Turnley accepted Mrs. Stewart's offer, and as being an agreement by plaintiff with Turnley to accept said deposit in full payment of any obligation of Turnley to him for the real estate commission.
Defendant argues further that plaintiff cannot proceed against both Turnley and Mrs. Stewart for his commission since they are not solidarily obligated and that, in any event, plaintiff cannot obtain a judgment against him for the amount of the commission, after having obtained a judgment by default against Mrs. Stewart for the same amount.
In disposing of an exception of no cause of action, all allegations of the petition must be considered true, and doubts about the sufficiency of the petition should be resolved in petitioner's favor. Unless the petition clearly fails to set forth a cause of action, the exception must be overruled. Lusco v. McNeese, La.App. 1 Cir., 86 So.2d 226, Verret v. Calcasieu Parish School Board, La.App. 1 Cir., 85 So.2d 646, Meadows v. Preferred Accident Insurance Co., La.App., 49 So.2d 765, at page 767, Johnson v. Graham, La.App. 2 Cir., 35 So.2d 278, Columbia Oil Co. v. Police Jury of Natchitoches Parish, La.App. 2 Cir., 194 So. 91.
Viewing plaintiff's petition in the light of this principle, this court believes that plaintiff has alleged facts which, if proven, will show that defendant Turnley did incur an obligation to pay plaintiff the brokerage commission for which he sues. In the excerpt from Turnley's written acceptance quoted above and incorporated in the petition by reference, defendant-appellee clearly agreed to pay this commission. We do not view the authority given plaintiff in the quoted provision to retain his commission from moneys deposited with him as an agreement by plaintiff to look only to that fund for payment. On the contrary, the stipulation seems to be one in plaintiff's favor, designed to give him added assurance of payment and not one designed to limit his rights to obtain payment.
*298 If we entertained any doubts on this score, they would be readily dispelled by the additional allegations of the petition that defendant Turnley and Mrs. Stewart later ignored the "agreement to purchase" of which plaintiff had been the procuring cause and entered into a substantially similar agreement for the lease-sale of the property. Under well settled principles of our jurisprudence, defendant owner became obligated for the payment of the brokerage commission if it can be proved under these allegations that plaintiff broker was the procuring cause of the real estate contract entered into pursuant to listing of the property with him. Grace Realty Co. v. Peytavin Planting Co., 156 La. 93, 100 So. 62, 43 A.L.R. 1096, Womack Agencies v. Fisher, La.App. 1 Cir., 86 So.2d 732.
The next question, whether or not defendant-appellee's obligation to plaintiff was extinguished, must also be resolved in plaintiff's favor. There is nothing in the petition to show that, in accepting Mrs. Stewart's check, plaintiff expressly declared an intention to discharge Turnley. Accordingly, the acceptance of the check did not operateas defendant suggestsas a novation discharging Turnley. Arts. 2192, 2194, LSA-Civil Code.[1] A delegation by which one becomes obligated to another for a debt also owed by a third person does not discharge the obligation of the third person unless the common creditor expressly declares that such is his intention. Isaacs v. Van Hoose, 171 La. 676, 131 So. 845; Knapp v. Guerin, 144 La. 754, 81 So. 302; Smith v. Brown, 12 La.Ann. 299; Jackson v. Williams, 11 La.Ann. 93; Bonnemer v. Negrete, 16 La. 474, 35 Am.Dec. 217; Jacobs v. Calderwood, 4 La.Ann. 509; Gordon v. McCarty, 9 Mart., O.S., 268; Baron v. Guidry, 1 Cir., 17 App. 32, 134 So. 410; Zaeringer Realty Co. v. New Orleans Hosp., Malt & E. Co., Orl. 10, La. App. 648, 121 So. 193. See also Comment The Requisites and Effects of Novation: A Comparative Study, 25 Tulane L.Rev. 100, 114.
Nor is there merit in the argument that, because plaintiff has sought recovery from Mrs. Stewart on the basis of the allegedly worthless check which she deposited with him, he cannot simultaneously proceed against defendant Turnley to recover his brokerage commission. Although "an election is binding on the party making it, and he cannot afterward pursue an inconsistent remedy, though full recovery was not had in the first action", Brown v. Lancaster, 218 La. 1036, 51 So.2d 617, 621, and although similarly, "the plaintiff is not allowed to cumulate several demands in the same action, when one of them is contrary to or precludes another", Article 149, Code of Practice, we cannot perceive in what respect plaintiff's remedies against defendant Turnley and Mrs. Stewart are inconsistent or contrary, or how one precludes pursuit of the other.
For instance in Brown v. Lancaster, above cited, the Court held a subsequent action for specific performance of a contract to purchase real estate to be waived or barred by an earlier action to recover a deposit under the contract. In all the "election of remedies" cases cited in the Brown case, the plaintiff had a choice to treat the transaction in question as valid or as invalid. His remedy in turn depended upon his choice; hence the theory that by electing to pursue one remedy he destroyed the legal basis of the other. This situation is not the one presented to us by the present case, where the plaintiff seeks to hold both obligations valid and his recovery *299 under one obligation does not require invalidating the other.
McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405, cited by defendant, is only authority for a holding that a purchaser cannot assert simultaneously his actions of warranty against both his vendor and the latter's transferor. But see Smith v. Wilson, 11 Rob. 522; but cf. Carpenter v. Herndon, 173 La. 239, 136 So. 577 and Gordon v. Bates-Crumley Chevrolet Co., 132 La. 795, 162 So. 624. The McEachern case simply involved an interpretation of LSA-Civil Code Article 2503, regarding the buyer's subrogation to the seller's rights in warranty, and is not applicable to the question presently before us.
Finally, we cannot accept defendant-appellee's suggestion that having perfected his judgment by default against Mrs. Stewart, plaintiff cannot now obtain another judgment for the same amount against Turnley. We do not share defendant-appellee's alarm at the prospect of plaintiff having two judgments rendered in these proceedings in his favor, each for the sum of $800, or for the total sum of $1,600, when the debt upon which the suit is brought is for $800 only. It suffices for us to say that we know of nothing which prevents the trial court from specifying in whatever judgment may be rendered against defendant-appellee, if any, that any payment made on plaintiff's judgment against Mrs. Stewart will be credited against plaintiff's judgment against Turnley also, or vice versa.
For, as we see it, the basic flaw in defendant-appellee's last argument that two judgments herein each in the amount of $800 against Turnley and Mrs. Stewart respectively, although both arising from the single debt of $800 due for plaintiff's services, will permit recovery by plaintiff of $1,600 is an incorrect assumption that it is a logical impossibility for two separate judgments against two separate individuals to exist for the same debt, so that a payment upon one may as a matter of law be a credit upon both judgments.
With regard to solidary obligations, for instance, it is settled that if the creditor sues one of the solidary debtors on the obligation, he is not precluded from bringing suit later on the same obligation against the other solidary debtors. Art. 2095, LSA-Civil Code;[2] Seabury v. Arkansas Natural Gas Corporation, 171 La. 199, 130 So. 1, Dussuau v. Rilieux, 9 Mart., O. S., 318; Avoyelles Wholesale Grocery Co. v. Ville Platte Sawmill Co., 1 Cir., 17 La.App. 56, 135 So. 251. And payment of the debt by one of the solidary debtors is required to extinguish the creditor's right to enforce its payment against all of them, whether or not the claim against any of them has been reduced to judgment. Articles 2091, 2095, LSA-C.C.
The facts in Cypress Tank Co. v. Reese, La.App. 2 Cir., 166 So. 887 are fairly analogous to those in the present. A seller of steel tanks sought recovery of the purchase price from the original buyer thereof. The latter's defense was based upon the prior attempt of the seller to collect the same indebtedness from a corporation which had assumed the same, by filing a claim in the corporation's bankruptcy proceedings (which was unpaid because of the corporation's lack of assets). It was held that this prior unsuccessful attempt to enforce the claim through legal proceedings against the secondary debtor did not estop the seller's assignee from collecting the purchase price from the initial buyer, who was primarily liable for the purchase price in the absence of any showing that he had been released by the creditor. See also Bay Shoe Co. v. Nacol, 1 Cir., 8 La.App. 620.
*300 Although actually it is immaterial for purposes of the conclusion we have reached whether the obligations of Turnley and Mrs. Stewart are solidary or not,[3] in our opinion their similar liability is solidary in nature.
Art. 2091 of the LSA-Civil Code provides:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
Turnley became bound for the commission by effect of law and under the contract, while Mrs. Stewart became bound for payment of the same commission when, in lieu of the cash down payment which would cover the broker's commission, she gave the broker her check for that amount, on which payment was refused.
The similar liability of these two individuals for the same debt is technically known in our jurisprudence as one of "imperfect" solidarity. The distinction between the in solido obligation in the sense of the Civil Code (that is, a "perfect" solidarity) and the present relationship is set forth at Gay v. Blanchard, 32 La.Ann. 497, at page 502, as follows:
"Solidarity may be perfect or imperfect. It is perfect and the obligors are the mandataries of each other, when by the same act, at the same time, they bind themselves to the performance of the same thing. It is imperfect (and they are not mandataries of each other) when they bind themselves to the same thing by different acts or at different times."
See also Cline v. Crescent City R. Co., 1888, 41 La.Ann. 1031, 6 So. 851, 854, and cases cited therein. See also Comment, "Solidary Obligations", 25 Tul.L.Rev. 217 at 230, which latter source remarks: "In Louisiana Jurisprudence the only difference between `perfect' and `imperfect' solidarity pertains to the matter of prescription."
For the above and foregoing reasons, we think our brother below erred in sustaining the exception of no cause or right of action filed by the present defendant-appellant, W. H. Turnley. Accordingly, this judgment appealed from is reversed, and the cause is remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed. Defendant-appellee to pay all costs of this appeal; all other costs to wait final determination of these proceedings.
Reversed and remanded.
NOTES
[1] Art. 2192: "The delegation, by which a debtor gives to the creditor another debtor who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation."

Art. 2194. "The mere indication made by a debtor of a person who is to pay in his place, does not operate a novation.
"The same is to be observed of the mere indication made by the creditor of a person who is to receive for him."
[2] Art. 2095. "A suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others."
[3] Since there is only a single indebtedness of $800 due to plaintiff, even if the obligations of Turnley and Mrs. Stewart to pay it should be construed to be separate and non-solidary, payment by either Turnley or Mrs. Stewart would discharge the debt under LSA-Civil Code Article 2134:

"An obligation may be discharged by any person concerned in it, such as a coobligor or a surety. The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if he act in his own name, he be not subrogated to the rights of the creditor."
(Although the third party payor is not subrogated to the creditor's rights against the debtor, he may nevertheless have a right of reimbursement from the debtor truly bound for the debt. Standard Motor Car Co. v. State Farm Mutual Auto. Ins. Co., La.App. 1 Cir., 97 So.2d 435.)