GLADNEY, Judge.
Southland Rentals, Inc., instituted this suit for the purpose of imposing personal liability on defendants Scott Walker and Paul Wimer, basing its right of action on certain statutory provisions of the Louisiana Business Corporations Law, LSA-R.S. 12:9(B). The trial court rendered judgment for plaintiff, recognizing defendants’ personal liability. Defendants appeal.
The plaintiff herein had previously filed another suit against Continental Auto Rental, Inc., a Louisiana corporation. In the charter of that corporation Walker and Wimer were named as president and secretary-treasurer, respectively. On October 18, 1961, judgment was rendered therein against the corporation for the principal, interest and attorney’s fees due on a chattel mortgage note executed by Scott Walker on behalf of the Continental Auto Rental, Inc., which note was dated October 21, 1960, and was given for certain furniture and equipment purchased on behalf of the corporation, by Walker and Wimer. That the indebtedness was for the use and benefit of the corporation is not questioned. Neither Walker nor Wimer performed any further act to personally obligate themselves for the indebtedness, and they have refused demands for payment made upon them by the plaintiff.
Appellants do not seriously question on appeal the effect of the statutory provisions imposing liability upon officers who incur indebtedness on behalf of a corporation pri- or to the filing of its articles of incorporation for recordation. Their assignments of error are directed toward the rulings of the trial court rejecting their pleas of estoppel and prescription.
Since a corporation owes its existence to the will of the sovereign and derives its powers by grant from that source, it can function only in accordance with the law creating it. Jones et al. v. Shreveport Lodge #122 B.P.O.E., 221 La. 968, 60 So.2d 889, 891, (1952). The Louisiana Business *75 Corporations’ Law, LSA-R.S. 12:5, requires that articles of a corporation organized under the statute shall be filed for record in the office of the recorder of mortgages in the parish in which the registered office of the corporation is situated, and that when so filed, the existence of the corporation shall begin.
The relevant portions of LSA-R.S. 12:9, are as follows:
“A. A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or the payment for its shares, until:
“(1) the articles or a multiple original thereof have been filed for record in the office of the recorder of mortgages, as provided in R.S. 12:5; * * *
“B. If a corporation has transacted any business in violation of this Section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be recorded in the minutes dr who, being absent, filed with the corporation their written dissent upon learning of the action, shall be liable jointly and severally with the corporation, and each other, for the debts or liabilities of the corporation arising therefrom.”
We find no ambiguity in these provisions.
The following comment by Dr. Dale E. Bennett appears in 2 Louisiana Law Review at page 605:
“The fundamental idea that corporate existence' shall begin upon the filing or recording of the'articles is definitely stated in Section 5 of the Louisiana Act, and Section 9, I (a) provides that the corporation shall not begin business until the articles have been filed for record. In sub-section II of Section 9, however, the drafters departed from the wording of the Uniform Act. That subsection expressly provides for liability of the corporation, jointly and severally with its participating officers and non-dissenting directors, in all cases where business is prematurely begun. Following the express mandate of this provision, the Louisiana court has held that the officers, directors, and the corporation were jointly and severally liable for a debt incurred prior to the recording of the articles of incorporation.”
Other authorities construing these articles are: Avoyelles Wholesale Grocery Company v. Ville Platte Sawmill Company, Inc. et al., 17 La.App. 56, 135 So. 251 (1st Cir. 1931); Folse v. Loreauville Sugar Factory, Inc. et al., La.App., 156 So. 667 (1st Cir. 1934).
The first contention of appellants is that their plea of estoppel should have been sustained. It is argued the estoppel results from the fact that Southland Rentals, Inc., initially brought suit and obtained judgment solely against the corporation; that the corporation was in existence prior to this suit; and that plaintiff could not have been injured by any delays in the filing of the articles of the corporation. The plea is without merit because liability is expressly imposed by the statute. Additionally, we think, no basis for estoppel exists for there has been no showing by defendants that the separate suit against the corporation caused them injury. In Avoyelles Wholesale Grocery Company v. Ville Platte Sawmill Company, Inc. et al., supra, the court discussed a similar defense as follows:
“The reservation by the court of the rights of plaintiffs against the estate of Reed would be sufficient if such a reservation were required. This was, however, unnecessary to accomplish that purpose, as plaintiffs could have brought suit against any of the debtors bound in solido without losing their *76 rights to sue the others. C.C. arts. 2094, 2095.”
As a matter of fact, the prior judgment against the corporation placed appellants in a better position to be reimbursed should they have to pay the debt of the corporation. The plea of estoppel was properly overruled.
The plea of prescription of one year is equally without merit. This plea rests on the assumption that this is an action ex delicto and that suit was not brought within one year from the date of the “dereliction” as required for such actions. Walker and Wimer created the indebtedness herein sued upon on October 21, 1960. This suit was instituted on January 25, 1962, more than one year from the date of the transaction. Appellants argue that their liability is based upon an act prohibited by statute and is an offense or quasi offense falling within the purview of the prescription of one year applicable to actions ex delicto. Counsel cite as authority for this argument: McCaskey Register Company v. Lumpkin et al., La.App., 195 So. 852 (1st Cir. 1940), and other cases cited therein involving violations of the Bulk Sales Law. LSA-R.S. 9:2961-9 :- 2968. The Bulk Sales Law expressly provides that no proceeding shall be brought against the transferror to invalidate any such bulk sales transfer after the expiration of ninety days from the consummation thereof. LSA-R.S. 9:2963. Smalley v. Bernstein et al., 165 La. 1, 115 So. 347 (1928). In that case action was brought by trustees in bankruptcy against defendants in a suit involving the mishandling of corporation assets. The several claims considered by the court therein were ex delicto in character for they were based upon negligence or fraud.
Plaintiff’s suit is upon indebtedness evidenced by a chattel mortgage note and does not arise from an offense or quasi offense but from convention. Such an action is prescribed by five years. LSA-C.C. art. 3540. In Avoyelles Wholesale Grocery Company v. Ville Platte Sawmill Company, Inc., 17 La.App. 56, 135 So. 251, 253 (1st Cir. 1931), the court held:
“Section 9 of Act 250 of 1928, when the directors or officers of a corporation incur debt before its charter is filed for record, provides for their liability, jointly and severally, with the corporation.
“If their liability is joint, they can be sued at the domicile of any of the obligors under article 165, C.P. If liable in solido, the same rule applies under Act 71 of 1914, amending article 165, C.P. Here, the obligation contracted by defendant corporation was for the purchase of oats, hay, and logs. Obviously, the obligation sprung from a conventional agreement, it was certainly not the result of a tort, and the defendant Joseph A. Hebert could be sued at the domicile of his qodefend-ants where the suit was brought. King v. Wm. J. Burns International Detective Agency, 151 La. 211, 91 So. 681.”
The indebtedness of Continental Auto Rental, Inc. to appellee herein being evidenced by a promissory note identified with an act of chattel mortgage arose out of a conventional agreement. The statutory liability of Walker and Wimer clearly is the same as that of the corporation. Consequently, the action against the two appellants can not be governed by the prescription pertaining to actions ex delicto as argued by counsel for appellants.
For the foregoing reasons we hold the pleas of estoppel and prescription were properly overruled by the trial court and we find no error in the judgment which has been appealed. Accordingly, the judgment is affirmed at appellants’ cost.