## John Smith *v.* Singleton W. Wilson and others.

As a general rule, a purchaser who has been evicted can sue only his immediate warrantor. There is an exception to this rule, where the purchaser has been subrogated by the vendor to his action of warranty.

Where a purchaser at a sheriff's sale sells the same property, and, in the act of sale, declares, that he thereby " subrogates the vendee to all the rights and privileges acquired by the sheriff's sale," the latter will be considered as subrogated to the action of warranty to which his vendor was entitled.

Where the vendee of a purchaser at sheriff's sale, subrogated to the rights of the latter, is evicted by a mortgage creditor of the original debtor in execution, he will be entitled, under art. 711 of the Code of Practice, to an action of warranty against both the debtor and creditor in execution, for the reimbursement of the price paid by him ; but, upon the joint judgment, he must first take execution against the debtor, and, on its return no property found, may take out execution against the creditor. Art. 713 of the Code of Practice does not apply to such a case. *Per Curiam :* Both parties stand in the same position as if the eviction had taken place in consequence of a better title; and in equity each party is bound, to the extent to which he has profited by the sale, to refund to the purchaser who has been evicted.

The fact that a vendee of a purchaser at a sheriff's sale, subrogated to the rights of his vendor, has recovered judgment against his vendor, on the ground of eviction, for the price paid, is no bar to an action by him against the debtor and creditor in the original execution, where the judgment so recovered has not been satisfied.

Appeal from the District Court of St. Mary, *Campbell,* J. The petition alleges that, under a *fi. fa.* issued on a judgment obtained by Brashear as curator of the estate of William S. Barr, deceased, against Singleton W. Wilson, one of the defendants in this action, the sheriff sold to John B. Bemiss, certain land, for the price of which Bemiss, in addition to the payment of a conventional mortgage in favor of Lewis Moore for $800, gave his twelve-months bond for $700, with interest. That Bemiss sold the land to the petitioner, subrogating him to all his rights and privileges under the sheriff's sale ; that an action was subsequently commenced against the petitioner by John Brownson, who claimed to be the holder of certain mortgages existing on the land previously to the sheriff's sale, and while yet in the possession of Moore, by whom it had been sold to Wilson ; that a judgment was obtained by Brownson, ordering the land to be seized and sold to satisfy his mortgages ; and that, by the

execution of that judgment, the petitioner has been evicted. The petition concludes with a prayer for judgment against the heirs and representatives of Barr and Wilson, for the sum for which the land was sold at the suit of Brownson, to wit, $3,618 46. There was a judgment below final as to Wilson, and as in case of non-suit as to the heirs of Barr. The material facts of the case are set forth in the opinion delivered by

BULLARD, J. This action grows out of the same transaction which gave rise to the case of *Smith* v. *Moore*, decided at the last September term. 10 Robinson, 65. Smith having been evicted of the land purchased by him of Bemiss, and which the latter had acquired at the sheriff's sale, brought this action against the heirs of the seizing creditor, Barr, and the seized debtor, Wilson, relying for his right to recover upon article 711 of the Code of Practice. That article declares that, " if the purchaser has been evicted from the thing adjudged to him, on the ground that it belongs to another person, than the party in whose hands it was taken, he shall, in that case, have his recourse for reimbursement against the seized debtor and the seizing creditor ; but upon the judgment obtained jointly for that purpose, the purchaser shall first take execution against the debtor, and, upon the return of such execution no property found, then he shall be at liberty to take out execution against the creditor."

The first ground of defenee set up by the defendants, and which is found in the record in the form of an exception, was, that the facts and allegations set forth in the petition, are not such as authorise the plaintiff to maintain this action. That the plaintiff purchased of Bemiss, who is alone bound in warranty to him, and not these defendants.

The general rule now settled is, that the party evicted can sue only his own immediate warrantor ; but there is clearly an exception, when the party so evicted has been subrogated to the action of warranty by his vendor. And this leads to the enquiry, whether the subrogation in the deed from Bemiss to Smith, the present plaintiff, carries the action in warranty. The expression in the deed is, " hereby subrogating the said purchaser to all the rights and privileges acquired by virtue of

the sheriff's sale." Now, we think one of the rights acquired by the sheriff's sale was the recourse in warranty according to the provisions of the Code, and thus the subrogation invested the plaintiff with that right and action, in the event of eviction. It is difficult to imagine to what else the subrogation could apply; because, if we strike out of the deed that clause, still the purchaser would acquire all the right and title of Bemiss to the property sold, together with a right of warranty against him. The clause then, is either unmeaning, which we cannot suppose, or the intention of the vendor was to transfer his action in warranty.

Wilson, one of the defendants, further answers, that the plaintiff has already recovered a judgment against Bemiss, his warrantor, which he pleads as *res judicata*.

There was judgment below for the defendants, and the plaintiff has appealed.

The appellees have not favored us with any argument in support of the judgment, and the reasons given by the judge are very general; but he has distinguished between the two defendants. In relation to Wilson it is final, and a non-suit as to the representatives of Barr. It is stated by the counsel, that the court considered article 713 of the Code of Practice to be applicable. That article provides for the case, where the purchaser is obliged to quit the property sold to him, on the hypothecacy action of the creditor who had a legal or judicial mortgage on all the property of the party in execution, or where he has paid the amount of such mortgage, to avoid being dispossessed, and provides that he shall, in such a case, only, have recourse to the *party in execution*, and not to the seizing creditor. On the other hand, article 711 contemplates an eviction in consequence of a better title, and gives an action to the purchaser thus evicted against both the creditor and debtor, but requires the debtor's property to be first discussed. According to this view of article 713, it would be Wilson who alone is liable, and not the representatives of Barr. But this last article does not in terms apply to this case, because it does not appear that there was a general mortgage against all the property of Wilson. On the contrary he was, as it relates to the debt which led to the

eviction, a third possessor of the property. The mortgage did not result from any debt of his, but from one due by his vendor. Now the sale of the property went to liberate him from a judgment in favor of the estate of Barr, and the estate of Barr profited to that amount. Both parties stand precisely in the same position as if the eviction had taken place in consequence of a better title. Article 713 is clearly not applicable, which exempts the seizing creditor from any warranty in the case supposed. In equity, each party is bound to refund to the purchaser, who has been evicted, to the extent that he has profited by the sale. The price paid by Bemiss, the purchaser at the sheriff's sale, was seven hundred dollars, at a year's credit. That sum was paid to the estate of Barr, and the debtor, Wilson, must be presumed to have profited to that amount, although the judgment against him was something less.

It has been objected to the right of the plaintiff to recover in this case, that he has already recovered a judgment against Bemiss, his warrantor. It.is not shown that that judgment has been satisfied, and we are of opinion that the plaintiff, although entitled to be paid but once, has not lost his recourse against the parties to this suit by merely recovering a judgment against his vendor.

We conclude that the plaintiff is entitled to recover against each of the defendants the sum of seven hundred dollars, under the restrictions stated in article 711 of the Code of Practice.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the plaintiff recover of the estate of Barr, the sum of seven hundred dollars, and of S. W. Wilson the like sum, with interest at five per cent from judicial demand, and the costs in both courts ; provided that no execution shall issue against the estate of Barr, until after the return of a writ of *fieri facias* against Wilson, no property found.

*Dwight*, for the appellant.

*T. H. Lewis* and *Voorhies*, for the defendants.