## A. P. BERTAUD *v.* ZENON BLOUIN.

*The buyer has not the right to suspend payment of the price, under Art. 2535 of the Code, where he has made a sale of the land by the same description and for the same price, without warranty against the disturbance which is made the ground of resisting payment, and which was specially mentioned in the conveyance to his vendee.*

APPEAL from the District Court of the parish of St. James, *Duffel*, J. *J. H. Ilsley*, for plaintiff and appellant. *Lacy & Upton*, for defendant.

BUCHANAN, J.   The plaintiff sued out an injunction in August, 1852, to prevent the collection of $6000 and upwards, being two-thirds of the price of land purchased by him from the defendant.

There are two grounds for plaintiff's injunction.   The first is a disturbance occasioned by the claim of *Eloi Hébert* to a portion of the land sold, (the said claim stated in the petition as seven acres, but proved by actual survey to be only four acres).   The second ground of injunction is the existence of predial servitudes not disclosed at the time of sale.

Upon the first ground.   The purchaser has in general the right to suspend the payment of the price of the sale, when he has just reason to fear that he may be disquieted by the claim of a third person, until the seller gives him security.   C. C. 2535.

But it is in proof that plaintiff has sold the land purchased by him from defendant, by the same description and for the same price, without warranty against the disturbance pleaded in this suit, although specially mentioned in the conveyance from plaintiff to his vendee; which act of plaintiff amounts to a waiver of the right reserved to him as vendee of defendant, under the Article 2535 of the Code.   *Goodwin* v. *Chesneau's Heirs*, 3 N. S.

Upon the second ground of injunction (the existence of servitudes not mentioned in the deed of sale) the plaintiff has offered no proof.

Under the peculiar facts of the case, we do not think proper to award damages, as for a frivolous appeal.

Judgment affirmed, with costs.

MERRICK, C. J.   In my opinion, neither the law in regard to sales *per aversionem* nor redhibition are applicable to this case.

It matters not whether the sale has been made *per aversionem* or otherwise, the warranty against eviction covers every part of the tract sold.   Neither is it of any consequence how inconsiderable the part evicted may be, considered with reference to the whole quantity sold; it is still covered by the warranty. Were it otherwise, a planter might be evicted of a small fraction of his plantation, yet embracing his sugar house, and he would be without redress : or, as in the present case, his plantation might be entirely severed and all communication between the two portions cut off by an adverse claim, and because he was evicted of less than one-twentieth of the whole tract he would be informed that he was deprived of all warranty.

The obligation of warranty in Louisiana is personal.   1 N. S. 352, 6 N. S. 321, 11 Rob. 522.   It does not run with the land as at common law, and hence the vendee cannot avail himself of it except by a transfer and subrogation from the former owner.   It would thus seem that in a proper case the person in

19

whose favor a covenant of warranty was stipulated might have an action on the case for a breach although he had parted with possession.

Suppose $A$ sells for cash to $B$ a tract of land as containing 1000 acres. Immediately after the sale it is discovered that the tract contains but 500 acres. Or suppose $B$ is evicted of 500 acres. Thereupon $B$'s creditors seize the tract under execution, and $B$ being unable to make payment, they sell the same. Now, is $B$ without remedy? Perhaps his land has not sold for one-third as much as it would have done had there been the full quantity. If a Sheriff's sale would not defeat the warranty, neither would a private sale. If a private sale would not, the plaintiff has lost none of his rights by the guarded manner in which he has transferred the land to his mother since the institution of his action. The defendant was no party to that sale, and I do not think it can fairly be construed as a gratuitous release in his favor.

In the case of *Goodwin* v. *The Heirs of Chesneau*, 3 N. S. 422, it is said that " by the warranty the vendor contracted, not only that the vendee should not be evicted, but that all other persons who held under the buyer should enjoy the thing." The exception to the rule, the court says, *arguendo*, being where the first vendee was " without interest " by having alienated without warranty. In the case of *Simms* v. *Parker* it is said, that the vendee's right to sue was complete the moment the person to whom he sold was evicted. 4 N. S. 210.

Possession at the time of eviction is not therefore, under our law, absolutely necessary to enable a party to maintain an action on account of the eviction. Whether the supposed exception exists where there has been a sale without warranty according to the *obiter dictum* in the case of *Goodwin* v. *The Heirs of Chesneau* may on principle well be doubted. But if such exception does exist, it seems to me to be without application to the present case.

The plaintiff was in the possession of the tract of land as owner when he instituted the action of injunction. The survey shows, that he is threatened with the eviction of a strip of land running across the entire tract, severing his plantation in two portions and cutting off all communication between the two parts thus divided.

Now it is clear, that when the plaintiff instituted his suit, his pretentions were well founded, and he was entitled to have his injunction perpetuated unless the defendant gave the security required.

It is now to be considered whether he has forfeited that right or released his action; because, he cannot be deprived of his rights without some act on his part.

If his necessities compelled him to sell, the threatened eviction would of course diminish the price which he could obtain; and, if he were poor, his own warranty would be valueless and the sale would be on a par with one without warranty. Ought not the vendor to make up the difference in either case? Ought he to profit by the difficulties which his own want of title had increased if not induced? It appears to me not, and that the vendor is not, under such circumstances, the less bound by his covenant of warranty. I can see no reason why he should not be held according to the terms of his contract. But in the sale of plaintiff to his mother it appears to me that the plaintiff, so far from abandoning his demand, was bound to insist upon it for the benefit of his vendee.

In the act of sale the plaintiff says he makes conveyance " only under the warranty which he holds of his vendors."

The act, after specifying the amount of cash paid, contains these clauses which have been supposed to be a waiver of plaintiff's cause of action, viz :

"And whereas the sum of $6,133 33, which remains to complete the price of this sale, forms exactly the amount of the two promissory notes which are still due to the succession of the said *Zenon Blouin* as above mentioned, (and for the recovery of the amount of said notes an action has been instituted against the present vendor by the administrator of the succession of the late *Zenon Blouin*, in the Fourth District Court of the State of Louisiana, in and for the parish of St. James, under No. 274 of the docket of said court,) *it is understood and agreed* between the parties that the said purchaser promises and agrees by these presents to pay and discharge the vendor therefrom (if she is legally condemned) the amount of the capital, interests and costs of said promissory notes above described to the succession of said *Zenon Blouin* and to assume the said mortgage to secure the payment."

"And the said vendor, in virtue of the agreement which the purchaser here assumes to pay interest and costs, *surrenders by these presents in her favor all diminution which may be made in the amount of said notes, wishing and intending that the purchaser shall profit thereby if such be the case.*"

"The vendor transfers moreover to the said vendee all his rights and actions in warranty which he holds against his vendors, subrogating the said purchaser to all his rights and actions for her to exercise and enjoy in the same manner as they might have been by himself."

In this language I discover nothing which sounds to me like a release of plaintiff's demand. It seems to me, as before observed, that it rather contemplates the prosecution of the plaintiff's just cause of action for the benefit at least of his mother if not of himself. And what right has the defendant, who is no party to the deed, to insist upon it ? He does not seek to avail himself of the stipulations made therein against the vendee personally, but chooses to press for judgment against the plaintiff in injunction.

The instrument, as already said, was foreign to him and not made for his profit or advantage.

I think, therefore, the judgment ought to be reversed and that the defendant should be compelled to give security against eviction.

Mr. Justice COLE concurred in this opinion.