(136 So. 577)

## CARPENTER v. HERNDON et al.

### No. 30184.

July 17, 1931.

Rosen, Kammer, Wolff & Farrar, of New Orleans, and Smitherman, Tucker & Mason, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook and Thatcher, Browne, Porteous & Myers, all of Shreveport, for appellee American Bank & Trust Co.

**O'NIELL, C. J.**

The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause or right of action, as to one of the two defendants, the American Bank & Trust Company. The other defendant, James R. Herndon, allowed judgment to go against him by default. The only question, therefore, is whether the bank is liable. The action is on an alleged warranty of title of certain lots which the plaintiff bought from Herndon, in the city of Shreveport.

We take it for granted, of course, in passing upon the bank's exception, that the allegations of the plaintiff's petition are true. In November, 1922, Herndon, being then the owner of the property, placed a mortgage on it to secure the payment of a promissory note for $3,000 bearing interest and attorney's fees; and the mortgage note was acquired by S. O. Jones. Thereafter Herndon sold the property to Paul M. Brown, trustee, by warranty deed; and Brown, trustee, sold it to the bank, without warranting the title, but "with complete transfer and subrogation of all rights and actions of warranty against all former proprietors." The bank sold the property to Herndon, and he sold it to the plaintiff, N. Leslie Carpenter; both transfers being by warranty deed and with subrogation to all rights and actions of warranty against former owners. The mortgage which Herndon had placed on the property was on record, but was not mentioned in any of these transfers. After Herndon had transferred the property to Carpenter, Jones proceeded to foreclose his mortgage; and Carpenter was compelled to pay the debt, which, with interest and attorney's fees, amounted to $3,577.97. Carpenter therefore brought this suit against the bank, as well as against Herndon, as a warrantor, for the amount which

Carpenter had to pay to prevent losing the property.

The suit is founded upon articles 2501 and 3410 of the Civil Code. Article 2501 declares that, even though no stipulation with regard to warranty is made in an act of sale, the seller is obliged to warrant the buyer against eviction, "and against charges," meaning mortgages or liens or servitudes, not mentioned in the act of sale. Article 3410 declares that a third possessor who has been compelled to pay a debt secured by a mortgage imposed upon the property by a former owner, or to relinquish the mortgaged property, or suffer it to be sold under execution, has "an action of warranty against the principal debtor," meaning the party who owed the debt primarily. Under that article of the Code, Herndon, of course, is liable as warrantor to the plaintiff, Carpenter. But the bank is not liable, as a warrantor, to Carpenter, because the bank was not liable, as a warrantor, to protect Herndon against the mortgage debt, as to which he was "the principal debtor," as the Code says; and Carpenter acquired from Herndon only such rights and actions of warranty as Herndon had against former owners of the property. It is true that Brown did not warrant the title, when he sold the property to the bank, but he transferred to the bank all of his rights and actions of warranty against former owners of the property; and among those rights and actions of warranty was his right of action against Herndon, who had previously mortgaged the property to Jones. Hence the bank was subrogated to the right of action against Herndon, as a warrantor of the title; and, if the bank had sold the property by warranty deed to any one else but Herndon, the bank's recourse, to protect its obligations as a warrantor, would have been against Herndon. But, when the bank sold

the property by warranty deed to Herndon, the bank did not thereby warrant Herndon against the mortgage debt, because he was what the Code calls "the principal debtor." As far as that debt or obligation was concerned, Herndon was the bank's warrantor before the bank sold the property to Herndon; and, when the bank sold the property to Herndon, even though it was by warranty deed, the effect was merely to extinguish, by confusion, Herndon's obligation to the bank as warrantor. It would be anomalous to hold the bank liable to Herndon, as a warrantor against the payment of a debt for which Herndon was personally and primarily liable, or, as the Code says, "the principal debtor."

It seems quite clear therefore that, as Herndon had no right of action against the bank, as a warrantor, to protect him against the mortgage debt, for which he was primarily liable, he could not subrogate his transferee, Carpenter, to a right of action against the bank, as warrantor, against the payment of that obligation. Counsel for Carpenter concede, in a supplemental brief filed in this case, that, if Carpenter has only such rights of action as Herndon had against the bank as a warrantor, Carpenter has no right of action against the bank for reimbursement of the amount of the mortgage debt which he had to pay to prevent his being evicted from the property. But counsel for Carpenter base their argument upon the difference between the obligation of warranty, which is a matter of substantive law, and the right of action, which they contend is a matter of adjective law. Our opinion, on the contrary, is that the right of action, being dependent absolutely upon the obligation of warranty, is a matter of substantive law. The right of a buyer of property, under a warranty deed, to ignore the party who sold to him,

and to proceed directly against a previous warrantor, is perhaps merely a matter of procedure, and hence a matter of adjective law. But we do not find any authority in the decisions or the French commentaries, cited by counsel for Carpenter, to sustain the proposition that Carpenter has a right of action against the bank, as warrantor, notwithstanding Carpenter's warrantor, Herndon, had no right of action against the bank, as warrantor. For example, Vannorght v. Foreman, 1 Mart. (N. S.) 352, is authority for the proposition merely that the right of action which a buyer has against the one who sold to him is not transferred to a second buyer without a stipulation to that effect. That is not true now, since Act 116 of 1924, p. 185, has amended article 2503 of the Civil Code by adding thereto: "But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others." Goodwin v. Heirs of Chesneau, 3 Mart. (N. S.) 409, cited by counsel for Carpenter, is authority for the proposition merely that a seller is liable in warranty to the one to whom he sells, if one to whom the latter sells is evicted from the property, unless the first buyer sells without warranty. On page 422 of 3 Mart. (N. S.) Justice Porter, for the court, said: "By the warranty, the vendor contracted, not only that the vendee should not be evicted, but that all other persons who held under the buyer, should enjoy the thing. There is an exception to this rule, where the first vendee alienates without warranty; because he is then without any interest whatever in the matter; but, in every other case, his right of action is complete, the moment the person to whom he sold loses it by a superior title." Counsel for Carpenter cite also Johnston v. Bell, 6 Mart. (N. S.) 384, as presenting "well nigh the circumstances here." We do not find

the case to be like this case. Blake sold to Bell a tract of land, on which Blake owed to the party from whom he had bought the land a part of the price, secured by mortgage and vendor's lien. Bell sold the land to Seth Jones; and Johnson bought it from the estate of Jones. Thereafter the party from whom Blake had bought the land foreclosed the mortgage and seized and sold the land. The court held that Bell was liable in warranty to Johnston. The case would have been very much like the one before us, and Bell would not have been liable to Johnston, if Jones, after buying the land from Bell, had sold it to Blake, and if Blake had sold it to Johnston. The case of Bertaud v. Blouin, 13 La. Ann. 145, cited by counsel for Carpenter, is authority for the proposition only that a buyer has no right to withhold payment of the price, under article 2557 (then 2535) of the Civil Code, after he has sold the property by the same description by which he bought, and for the same price, and without warranty against the disturbance which is made the ground for withholding payment, and which was specially mentioned in the sale which he made.

The translation from Pothier, Traite de Vente, #98, which counsel for Carpenter have furnished, is merely a pronouncement of the doctrine of the decision in Goodwin v. Heirs of Chesneau, supra. The quotation from Troplong, De la Vente, t. 1, #437, shows merely that, although some authors, guided by the Roman law, taught that a buyer could proceed only against the party who sold to him, by an action in warranty, Troplong was of the opinion that the buyer could proceed against any preceding seller in the chain of title, by an action in warranty. To the same effect are the expressions taken from Carpentier du Saint, vol. 23, p. 145, verbo "Garantie," No. 66; and Aubry et Rau, t. 5, p.

88; and Barombiere, t. 1, p. 706. Act No. 116 of 1924 reads like a restatement of the law announced by these French authors. But they were not dealing with a case like this, where the seller (Herndon) had no right of action in warranty to transfer to the buyer (Carpenter), against the party (the bank) from whom he (Herndon) had bought. And the statute itself does not purport to enlarge the buyer's rights and actions of warranty, but merely provides that the buyer shall become subrogated to the seller's rights and actions of warranty against all others; which means only such rights and actions of warranty as the seller has.

The judgment is affirmed.