347 So.2d 322 (1977)
W. H. WARD LUMBER CO., INC. and Jefferson Door Co., Inc.
v.
INTERNATIONAL CITY BANK & TRUST CO., Lee Homes, Inc. and Leonce J. Miller, Jr.
No. 7831.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
*323 Daniel L. Morrow, Gretna, for plaintiffsappellants.
Lemle, Kelleher, Kohlmeyer & Matthews, Allen R. Fontenot, New Orleans, for Federal Deposit Ins. Corp., Receiver of International City Bank & Trust Co.
Before SAMUEL, REDMANN and BEER, JJ.
SAMUEL, Judge.
Plaintiffs, two suppliers of building materials, filed this suit for sums allegedly due them for materials supplied to the defendant contractor. One of the named defendants is International City Bank & Trust Company.[1] In pertinent part, the petition basically alleges:
The buildings involved were on immovable property formerly owned by the bank, which it had sold to the defendant contractor. As the contractor was a newly formed corporation with no established credit, plaintiffs did not wish to extend credit to it alone. However, based on an internal credit memorandum of the bank, shown to plaintiffs by Miller,[2] which committed the bank to finance all construction costs with disbursements to be made directly "to the subcontractor" and induced by several oral assurances by the bank to plaintiffs that would "see to it that plaintiffs' accounts were paid in full", plaintiffs extended credit to the defendant contractor. The bank initially made payments directly to plaintiffs. The account became delinquent, and when plaintiffs contacted the bank they were assured payment would be made to them for deliveries to four construction sites then under development. Shipments were continued by plaintiffs to the four job sites, but the bank did not make payment of the amounts in suit.
In addition, the petition alleges the defendants were engaged in a commercial partnership. The bank answered the petition and also filed an exception of no cause of action. The exception was based on an absence of an allegation of a written guarantee or suretyship agreement by the bank and on the legal theory that a commercial partnership cannot own immovable property.
Thereafter, the petition was amended to remove the allegation of a commercial partnership and, in lieu thereof, to allege the *324 defendants "combined their property, labor and capital with the intent to engage in a common commercial enterprise, development of the . . . property in Timberlane Estates, Unit 4, thus creating the status of a partnership or joint venture rendering the defendants liable, in solido, for the balance due plaintiffs on these accounts."
Following a hearing, there was judgment sustaining the bank's exception of no cause of action and dismissing plaintiffs' suit against the bank on the ground the petition contained no allegation of a written guarantee or suretyship agreement.
We agree with the trial court's conclusion that the promise to pay the debt of a third person, here the alleged guarantee or suretyship, must be express and in writing.[3] In addition, we are satisfied from our reading of the entire petition that this ground of objection cannot be removed by amendment.[4] Nonetheless, we find we must remand the matter for further proceedings.
Our established jurisprudence is that an exception of no cause of action accepts the allegations of the petition as true.[5] Thus, we must accept as true the above mentioned amendment to plaintiffs' petition which alleges the existence of a partnership or joint venture among the defendants rendering them liable in solido for the amount in suit. While the defendant bank argues its only interest or participation in the transaction was that of a mortgage holder, that argument cannot be considered; at this point in the proceedings, it is irrelevant.
It is true, as the bank further argues that the amending allegations are conclusions of law rather than proper allegations of facts, but we are of the opinion that Code of Civil Procedure Article 934[6] requires that plaintiffs be given the opportunity to amend their petition. In our opinion, this objection as to conclusions of law may be cured by pleading facts which establish such conclusions.
For the reasons assigned, the judgment appealed from is amended and the matter is remanded to the trial court for further proceedings in accordance with law and with the views herein expressed. Plaintiffs are permitted to amend their petition so as to plead facts which establish or point to the existence of a partnership or joint venture among the defendants, if such facts can in truth be pleaded. Plaintiffs are given thirty days from the date this judgment becomes final to so amend. In all other respects the judgment appealed from is affirmed. Assessment of costs shall await a final determination.
AMENDED IN PART; AFFIRMED IN PART; AND REMANDED.
NOTES
[1] The defendant bank, now in receivership, appears in this court through its receiver, Federal Deposit Insurance Corporation.
[2] Allegedly, Miller, a defendant, is "one and the same as Lee Homes, Inc. [the remaining defendant]" and he exercised complete control over that corporation as its sole shareholder.
[3] LSA-C.C. Arts. 2278(3) and 3039; North Central Utilities, Inc. v. Sarver, La.App., 323 So.2d 173.
[4] LSA-C.C.P. Art. 934 reads:

"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
[5] See, e. g., Carpenter v. Herndon, 173 La. 239, 136 So. 577.
[6] See note 4.