GRISBAUM, Judge.
This case comes to us concerning the coverage of a suretyship agreement. Trial was held and judgment was rendered on December 19,1980 in favor of Southern Air Conditioning of New Orleans, Inc. against defendants Cumberland Homes Incorporated and Mrs. Florence Palestina solidarily. Judgment was also in favor of third party plaintiff Mrs. Florence Palestina against third party defendants Cumberland Homes Incorporated, George D. Fee, and Jack Bryant, solidarily for all sums Mrs. Palesti-na was required to pay to Southern Air Conditioning of New Orleans, Inc. On February 25, 1981, third party defendant Jack Bryant filed a motion for appeal from the above judgment. We reverse.
On March 10, 1978, Mrs. Palestina went to the act of sale for property located at 1424 N. Cumberland, Metairie, Louisiana. She purchased the house from the builder, Cumberland Homes, Incorporated, represented at the act of sale by its president, George Fee. Also present at the act of sale was Jack Bryant, representing Bryant and Associates, holder of a mortgage note and other loans owed by Cumberland Homes Incorporated. Mr. Bryant was to receive the proceeds from the act of sale on this and twelve other homes built by Cumberland to settle the outstanding debt owed Bryant and Associates by Cumberland Homes Incorporated.
At the act of sale Mrs. Palestina and her attorney were concerned about unfinished work in the house. A “punch list” was drafted by Mrs. Palestina listing the unfinished work stating Mr. Fee’s promise that those items would be completed. To further ensure compliance, Jack Bryant signed an agreement at the bottom of the punch list written by Mrs. Palestina’s attorney stating, “It is agreed that the above list represents the presently unfinished work ... In the event the present owner and/or George Fee should fail to complete said installation and all of said work within the time specified, the undersigned Jack Bryant shall hold Mrs. Florence Kennedy Palestina forever harmless in account thereof and she will have the right to have the work done by a contractor of her own selection, if Mr. Bryant fails to have the work completed, at his own expense, upon the default of the present owner and/or George Fee, after 10 days written demand by Mrs. Palestina.”
This statement was also signed by Florence Palestina and George Fee. George Fee also signed an affidavit that day that all bills for labor performed and materials furnished to Cumberland had been paid in full. Thereafter, the act of sale was completed and the proceeds were received by Jack Bryant.
Prior to Mrs. Palestina’s taking possession, Southern Air Conditioning of New Orleans, Inc. installed an air conditioning unit at 1424 N. Cumberland.[1] On April 11, 1979, Southern Air Conditioning filed a petition to enforce a materialmen’s lien naming as defendants Cumberland Homes Incorporated and Florence Palestina. Southern Air Conditioning claimed the bill for the air conditioner unit at 1424 N. Cumberland was due and owed despite amicable demand on Cumberland Homes Incorporated to pay.
On April 25, 1979, Florence Palestina filed an answer to the petition and a third party demand naming as third party defendants Cumberland Homes Incorporated, George Fee, and Jack Bryant. Mrs. Palesti-na asserted in her demand that she refused to take title to the property until Jack Bryant “agreed to guarantee the performance by Cumberland Homes, Inc. of the completion of all of the work under the Building Contract.” On May 21, 1979, Jack Bryant answered the third party demand admitting he signed an agreement to guarantee completion of work on the house but that said agreement did not encompass the unpaid bill which formed the basis of the lien.
*747 The issue is whether the suretyship agreement between the parties covered all bills for labor and/or materials. Article 3035 of the Louisiana Civil Code defines suretyship as follows:
“Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not.”
La. C.C. Article 3039 provides:
“Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”
The contract of suretyship must be in writing as parole evidence is inadmissa-ble to prove any promise to pay the debt of a third person. La. C.C. Article 2278(3). W. H. Ward Lumber Co. v. Int. City Bank and Trust, 347 So.2d 322, 324 (La.App. 4th Cir. 1977).
Applying the above rules of surety-ship in an examination of the written document evidencing Bryant’s promise to satisfy the obligation of George Fee, we find that Jack Bryant did not promise to pay the outstanding bill owed to Southern Air Conditioning of New Orleans. The agreement specifically lists items to be completed and expressly states that it evidences the presently “unfinished work.” There is no promise to pay any specific or unspecified outstanding bills nor is there any reference to the air conditioning unit.
The standard of review by an appellate court is that a finding of fact should not be disturbed unless it is clearly wrong. Arcenaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). In the present case, there was no evidence in the document to support the trial court’s holding.[2]
Appellee contends that parole evidence should be considered in determining Mr. Bryant’s liability. Mr. Bryant’s receipt of a check for the proceeds from the sale, appel-lee argues, puts the case within an exception that parole evidence is admissible to prove the promise to pay the debt of a third person when the promisor has a business or pecuniary interest for binding himself. Burt v. Hebert, 338 So.2d 717, 721 (La.App. 1st Cir. 1976); Powell Lumber Company v. AFCO Corporation, 288 So.2d 697, 700 (La.App. 3rd Cir. 1974).[3]
However, there was no parole evidence at trial supporting Mrs. Palestina’s assertion. The parole evidence admitted in the above cases were specific undertakings of the promisor. The testimony of Mr. Bryant quoted in appellee’s brief does not add to the written agreement. Mr. Bryant stated to Mrs. Palestina’s attorney: “At the act of sale if you remember, you had these problems, this punch list and you were very apprehensive about going to an act of sale ... I said I knew Mr. Fee would do these things and that I felt strongly enough about that that I would guarantee to you personally that if Mr. Fee did not do any of these items I would personally see they were done or would personally pay to have them done and that is what you wrote here and that is what I signed.” Tr. 52. Thus, he only reiterated in court what is evidenced in the written agreement. He signed to complete or pay for the work on the punch list. Mr. Bryant’s liability as a third party promisor cannot be extended to any obligation without his express consent.
Therefore, we reverse the trial court’s judgment as to Jack Bryant’s liability to Mrs. Palestina.
REVERSED.

. Appellant contends that the air conditioner was installed in part after the act of sale. This, however, is controverted by Mrs. Palestina’s own testimony at trial. Tr. 22.

. There were no written reasons for judgment given by the trial judge. Thus, this court must rely on the record as presented.

. However, as explained in the recent case of Seashell Inc. v. Simon, 398 So.2d 99, 100-01 (La.App. 3rd Cir. 1981), the cases admitting parole evidence dealt with an agreement which in effect was an independent undertaking; a primary obligation rather than a secondary or collateral obligation of suretyship. Appellee does not argue that Mr. Bryant’s agreement was anything more than one of suretyship.