ALFORD, Judge.
This appeal arises out of litigation in the lower court having to do with the payment of the contract price for painting of defendant’s residence at 1935 Magnolia Woods Avenue, Baton Rouge, Louisiana. Plaintiff filed suit for $1,320.00, the balance due on the agreed contract price of $1800.00, plus expenses. Defendant reconvened for the return of the $500.00 advance made at time of acceptance of job by plaintiff. From a judgment in plaintiff’s favor for the full amount of $1820.00 and dismissal of defendant’s reconventional demand, this appeal resulted.
As his first basis for this appeal, appellant contends that the trial court totally disregarded the opinion of his expert with regard to the condition of defendant’s house and substituted its own judgment regarding same.
In its written reasons for judgment the court stated:
“The issue is substantial performance. A review of the evidence along with a personal on-site inspection by this Judge proves by a preponderance of the evidence that there was substantial performance by the plaintiff. There were certain deficiencies in the work, but not of a serious enough nature to find unwork-manlike performance under the contract.” (Emphasis supplied by trial court)
According to the record, Norman Chene-vert, the expert offered by McQueen only looked at the house the morning of trial and did not use a ladder. He was not advised as to the exact materials furnished or the instructions to Brockhoeft not to undertake any hazardous or dangerous methods of work. He concluded that in March of 1982 it would not be possible to match the color of paint as easily as it would have been in August of 1981 and that the structure must now be repainted. However, he did indicate that even in March of 1982, it would be possible to only spot prime the areas of the house needing work rather than the entire structure. He estimated a price “range” to paint the structure in March of 1982.
Admittedly, a judge should not substitute his own opinions on a particular subject when there has been qualitative expert testimony based on sound reasoning and established facts. However, when *404 there was no expert testimony offered on the ultimate issue decided by the Judge, or when the expert was not given the benefit of all information and considerations affecting his opinion, his testimony may be given less weight or even be disregarded totally.
This case is governed by LSA-C.C. art. 2769 which states:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
This article has been applied recently in the cases of Design & Corrosion Engineering, Inc. v. Piggly Wiggly of Mansfield, Inc., 408 So. 292 (La.App. 2nd Cir.1981), and Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir. 1982), writ denied, 421 So.2d 238 (La.1982). The Piggly Wiggly case is particularly appropriate for the instant determination. It involves similar facts as the instant case and correctly applies the law which should apply to the instant case.
In Piggly Wiggly, there was a contract between the plaintiff and the defendant for the plaintiff to repair and overlay the store’s parking lot with a layer of asphalt. The plaintiff undertook to perform under the contract and eventually made demand upon the defendant for final payment. The defendant refused to pay any of the agreed contract price claiming that the work was totally unsatisfactory. Suit was filed for the non-payment of the price and a recon-ventional demand was filed for the defendant’s expenses to complete the contract properly. The trial court found certain deficiencies in the work but determined that they were not of a serious enough character to prevent a finding of “substantial performance”. The court further found that the defendant failed to prove the extent of the defects which existed or their actual cost to cure. As a result of the plaintiff’s proof of the contract and its performance thereunder, and the defendant’s failure to establish its reconventional demand with the requisite specificity, the court ordered the payment of the full contract price to the plaintiff.
Concerning the statement of the law to be applied, the court observed the following:
“According to the consistent jurisprudential interpretation of Article 2769, substantial performance of a building contract entitles the contractor to recovery under the contract. Whether there has been substantial performance is a question of fact. Among factors to consider in determining substantial performance are the extent of the claimed defects or incomplete work, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed ...” “Where there has been substantial performance of the contract, the remedy of an owner who complains of defective or incomplete work is to prove (a) the existence of the defects or omissions and (b) the cost of repairing the defective work or completing the unfinished work. If the owner discharges his burden of proof, recovery by the contractor of the total contract price will be reduced by the cost of correcting or completing the work
With regard to failure of proof concerning the amount to remedy the defects found in Piggly Wiggly, the court there said:
“Contrary to appellant’s argument, this evidence was insufficient, not because it involved ‘estimates’, but because it did not purport to directly address with any degree of precision the nature of the work contemplated to correct the proven deficiencies.”
“In summary, defendant did not discharge its burden of proving the sum by which plaintiff’s recovery of the contract price should be reduced. Therefore, the trial judge was correct in holding the plaintiff was entitled to recover the full contract price.” Design & Corrosion Engineering v. Piggly Wiggly, 408 So.2d at 297.
Appellee established substantial performance under his contract. Appellant estab *405 lished certain deficiencies with that performance. However, the only testimony concerning the cost of repairing the deficiencies was an estimate by Mr. Chenevert as to a “range” of between $1,500.00 and $2,000.00 to completely repaint the structure. The testimony involves a complete failure of proof. There is no manifest error in this finding of fact by the trial court.
Appellant makes much on appeal of what he believes to have been the impropriety of an on-site inspection by the trial court. We cannot find any validity in this argument. The record reveals that the inspection was at the request and with the full knowledge of all parties. As a matter of fact, appellant’s counsel gave the trial judge directions to find his client’s house for the inspection. Appellant’s argument in this regard is equally without merit.
Appellant next contends that the trial judge committed reversible error by failing to go into detail in his written reasons concerning the clean-up phase of the operation. We are of the opinion that it is not necessary to mention every obscure or minute portion of a case where that point is not critical or an ultimate issue to be decided by the court. The clean-up operation is insignificant and does not merit much attention. In the absence of a specific ruling by the trial court, we presume that this issue was also resolved in favor of appellee. The- only real evidence concerning this point in the record has to do with Brockhoeft scrubbing the front porch on his hands and knees in an effort to satisfy McQueen. There is no manifest error in this finding of fact and accordingly, the specification lacks merit.
Finally, McQueen urges that the Judge abused his “much discretion” in concluding the job was substantially complete. This is the improper standard for appellate review. The “abuse of much discretion” test applies where the finder of fact sets an award of damages; however, where there is a finding of fact such as “substantial performance”, the appellate court should review the record to see if the discretion is supported by the evidence. It should only be reversed if it is “manifestly erroneous, i.e. clearly wrong.” Arceneaux v. Domingue, 365 So. 1330 (La.1978), Southern Air Conditioning of New Orleans, Inc. v. Cumberland Homes, Inc., 418 So.2d 745 (La. App. 5th Cir.1982).
A review of the record in the instant case in light of the applicable legal standards indicate to this court that the judgment of the trial court is supported by the evidence and is therefore neither manifestly erroneous nor clearly wrong and therefore is affirmed at appellant T.roy McQueen’s costs.
AFFIRMED.