610 So.2d 933 (1992)
Deborah W. SWEATMAN, Individually and on Behalf of the Marital Community Existing Between Herself and Her Husband, David L. Sweatman
v.
Henry Jean THERIOT, Jr., Daniel Ray Theriot, Emile Eugene Theriot, Glenda L. Theriot, and Robert James Theriot.
No. CA 91 1781.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*934 Leslie J. Clement, Jr., Thibodaux, for plaintiff appellant Deborah W. Sweatman, et al.
Edmond L. Deramee, Jr., Thibodaux, for defendant appellee Henry Jean Theriot, Jr., et al.
Before LOTTINGER, C.J., FOIL, J., and COVINGTON[1], J. Pro Tem.
GROVER L. COVINGTON, Judge Pro Tem.
Plaintiff, Deborah W. Sweatman, appeals from a judgment sustaining defendant's peremptory exception raising the objection of no right of action and dismissing defendants Henry Jean Theriot, Jr., Daniel Ray Theriot and Robert James Theriot.
Plaintiff brought suit against Henry Jean Theriot, Jr., Daniel Ray Theriot, Robert James Theriot, and Emile Eugene Theriot, and others not pertinent to this opinion, alleging the following facts: that she purchased, "with all legal warranties," a tract of land from the four brothers; that no title inspection was made at the time of sale; that a few months later, she and her husband decided to sell the property, and pursuant to a title examination performed at the behest of the prospective purchasers, plaintiff learned that a judgment had been taken against Emile Eugene Theriot on January 10, 1986, in the amount of $5,183.60, by Guaranty Bank & Trust Company, which she was required to pay to Premier Bank, National Association, successor of Guaranty Bank & Trust Company, in order to sell the property.
Henry Jean, Jr., Daniel Ray, and Robert James Theriot filed numerous exceptions to this action for recovery of the amount of the judgment, including the peremptory exception raising the objection of no right of action which was sustained by the court below. Exceptors argued that plaintiff, by failing to call defendants in warranty pursuant to La.Civil Code art. 2517, and by curing the alleged defect in the title through self-help, had lost her right of action in warranty. Exceptors also cited La.Civil Code art. 3410[2] for the proposition that the only cause of action in warranty available to plaintiff was against Emile Eugene Theriot, the "principal debtor."
*935 The trial judge agreed that plaintiff's failure to call the brothers in warranty before paying off the judgment on the property had caused her to lose her action against the three exceptors, and dismissed them from the lawsuit. In oral reasons for judgment, he said,
... what I'm finding is, is that this really isn't a warranty claim in the sense that you brought the claim in warranty as them being vendors. Her claim I think is under 3410, which says warranty, and I guess that's what it is but it's really a confused warranty issue. Really I think what 3410 is saying is that you paid a debt that was somebody else's because it affected your property and now you have got a right to go after them and get your money back from them.
Plaintiff argues on appeal that although the defendant exceptors may have recourse against the principal debtor, they must nevertheless be held accountable as joint warrantors of the property they sold to the plaintiff. They breached their warranty of peaceable possession, and plaintiff is not precluded from bringing an action in warranty against them, despite La.Civil Code art. 3410's provisions and despite her failure to call the defendants in warranty pursuant to La.Civil Code art. 2517 et seq.
We state at the outset that, contrary to defendants' position, the presence of a judicial mortgage on the property sold to plaintiff functions as a partial eviction from the property. See, Harville v. Campbell, 221 So.2d 273 (La.App.2 Cir.1969). Plaintiff's title to the property was not clear and she was disturbed in her "peaceable possession of the thing sold." La.Civil Code art. 2476. Such disturbance constitutes an eviction occasioned by the claims of a third person, i.e., the judgment creditor. La.Civil Code art. 2500.
The seller is obliged to warrant against eviction, and when more than one vendor joins in the sale, each and every vendor is bound as warrantor of the entire title. La.Civil Code art. 2501; Hodges v. Long-Bell Petroleum Company, 240 La. 198, 121 So.2d 831 (1960). Therefore, plaintiff has stated a cause of action against all four vendors of the property, unless she has somehow lost it by her action in paying off the judgment before notifying the vendors of her intentions.
The "call in warranty" articles, La.Civil Code arts. 2517 through 2519, contemplate a situation where an action threatening eviction is brought against the buyer, or a suit is brought by the buyer against a person disturbing his possession. Through the buyer's notifying the vendor of the threat of eviction, the vendor is allowed the opportunity either to defend himself against an action, or to undertake prosecution of the buyer's action. The warranty action is not lost, however, by the buyer's failure to notify the vendor, unless the vendor can show that he could have won the lawsuit had he been notified in time. La.Civil Code art. 2518. In any event, the language employed by La.Civil Code arts. 2517 through 2519 is not mandatory; the purchaser "should notify" or "ought to notify" his vendor of a suit threatening eviction, or of a suit he must bring to protect his possession.
The situation at hand is not precisely that contemplated by the Civil Code, since no lawsuit was brought threatening plaintiff's possession, nor did plaintiff bring an action herself to protect her possession. However, it is clear that the articles apply, because the existence of a judicial mortgage posed a threat to plaintiff's peaceable possession. The question is whether a substantive right of action in warranty can be lost by failure to mechanically follow the Code's guidelines for a "call in warranty," where no prejudice to vendors has been shown resulting from the purchaser's failure to call them in warranty under La.Civil Code art. 2518.
In order for plaintiff to lose her substantive right of action in warranty, the defendants must first show that they could have negotiated a better settlement, and that they were prejudiced by the fact that they were not notified in time to work out something with the judgment creditor before the plaintiff did so. Such a showing would constitute a defense on the merits. The code cannot mean that a right as fundamental as that of peaceable possession, warranted in every sale, can be lost outright *936 by failure to follow permissive procedural rules.
The alternative argument that La.Civil Code art. 3410, addressing the specialized rights of third possessors and hypothecary actions, somehow negates a cause of action against anybody else but a "principal debtor," must fall. As the trial judge recognized, art. 3410 is not, as such, a "warranty" article, and it does not preclude an action in warranty against vendors who have warranted peaceable possession; rather, it grants to the third possessor who has paid the debt of another a right to recover from the debtor. Clearly plaintiff can go against Emile Eugene Theriot, who breached his warranty of peaceable possession, independently of art. 3410; likewise, she is not prevented from pursuing a warranty claim against her other vendors by art. 3410. See, Carpenter v. Herndon, 173 La. 239, 136 So. 577 (1931), for the proposition that a party not a "principal debtor" may still be liable as warrantor to a subsequent vendee.
Whether plaintiff can prevail on the merits at trial is not at issue here; we are asked to determine whether she has a right of action, in warranty against her vendors, under the pertinent Civil Code articles. We believe that she does have such a right. The judgment of the trial court is reversed. All costs are to be assessed to appellants.
REVERSED.
NOTES
[1] Judge Grover L. Covington, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Art. 3410. Third possessor's action of warranty against principal debtor

The third possessor who has either discharged the mortgage debt, or relinquished the property mortgaged or suffered it to be sold under execution, has, according to law, an action of warranty against the principal debtor.
This article is found in Chapter 3, Section 2, of Title XXII, "Of Mortgages." Chapter 3 is entitled, "Of the Effects of Mortgages and Privileges," and Section 2 is subtitled, "Of the Effect of Mortgages Against Third Possessors, and of the Hypothecary Action."